## DES MOINES NAVIGATION AND RAILROAD COMPANY *v.* IOWA HOMESTEAD COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

Argued November 1, 1887. — Decided December 5, 1887.

The Supreme Court of the State of Iowa, in deciding this cause, held, and so stated in its opinion, that the question of prior adjudication of the issue by this court in *Homestead Valley* v. *Railroad Company,* 17 Wall..153, was not raised before it by counsel for defendant, and therefore was not in the case; and it decided the case without considering that point. On examining the opinion of that court, and the record and briefs, and the briefs in the court below in this case and in the case of *Litchfield* v. *Goodnow, ante,* 549, this court is of opinion that the point was raised and discussed in the Supreme Court of Iowa, and *holds* that the action of that court in respect of it was equivalent to a denial of the Federal right so set up.

If a cause is removed in a regular manner from a state court to a Circuit Court of the United States, on motion of one or more of several defendants who have a right to have it removed as to him or them, and the Circuit Court takes jurisdiction, and all parties defendant appear, and no objection to the jurisdiction is made, and the cause proceeds to final judgment, the judgment remains in force and of binding effect upon all the parties, until judicially vacated, although it appears on the face of the record·that some of the defendants, who did not join in the petition for removal, were citizens of the same State with the plaintiff.

IN equity. Decree for the plaintiff. The defendant appealed. The cause was argued with *Stryker* v. *Goodnow, ante,* 527. The case is stated in the opinion of the court.

*Mr. C. H. Gatch* for plaintiff in error. *Mr. William Connor* was with him on the brief.

*Mr. George Crane* for defendant in error.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by the Iowa Homestead Company against the Des Moines Navigation and Railroad Company to recover the same taxes for the years 1864 to 1871, both inclusive, which formed part of the subject matter of the litigation between the same parties in *Homestead Co.* v. *Valley Railroad,* 17 Wall. 153, referred to in *Stryker* v. *Crane, ante,* 527. The Railroad Company set up the decree in its favor in that suit as a bar to the present action, and to this the Homestead Company replied " that the decree or judgment referred to is null and void, for the reason that the courts of the United States had no jurisdiction of said suit, and no legal power or authority to render said decree or judgment."

Upon this part of the case the facts admitted were substantially the same as are set forth in *Stryker* v. *Crane, ante,* 527, with the addition of this stipulation made by the parties and filed in the Circuit Court:

" And it is further stipulated that the defendants, Samuel G. Wolcott, Edwin C. Litchfield, Edward Wade, and John Stryker, each and every of whom are citizens of New York, and the Des Moines Navigation and Railroad Company, duly appeared in this court and filed their joint and several answers to complainant's bill, duly verified; that the said answers are not now found with the papers in this cause; that the said answers of said defendants were substantially in all respects like those of the defendants, William B. Welles and Albert Tracy, on file herein and duly verified by them, respectively, except such changes, variations, and alterations as were necessary to present the interests held by said defendants, respectively, in the land in this action."

Other defences were set up in the answer similar to those in *Stryker* v. *Crane, ante,* 527; *Chapman* v. *Crane, ante,* 540; and *Litchfield* v. *Crane, ante,* 549; but it is unnecessary to restate them here.

The case was taken to the Supreme Court of the State on appeal, and among the errors assigned there was this:

" The court erred in holding that plaintiff was not estopped from prosecuting this suit by the former adjudication in said former suit of the Iowa Homestead Company against The Des Moines Navigation and Railroad Company and others."

At the hearing in the Supreme Court a final decree was entered against the Navigation and Railroad Company for the full amount of taxes paid and the interest. The opinion of the court, so far as it related to the question of former adjudication, was in these words:

" The question of former adjudication, discussed in the fifth point of the foregoing opinion, is not discussed by counsel for defendant in this case in his printed brief, though it was pleaded as a defence. Counsel for plaintiff in this case filed a printed brief used in the former case, but upon the fifth point it is not at all applicable, for the reason that the facts involved in the pleas of former adjudication are not identical in each case. The two cases were discussed at the oral argument together, all the points involved in each case being considered, but we were left to the printed briefs and abstracts in order to make application of the arguments properly to the separate cases. Since the submission of the cases counsel for each party has been called upon to express his understanding of the points to be determined in the cases separately. Counsel for defendant claims that the question of prior adjudication, while not presented in his printed brief, was argued orally, and is, therefore, in this case ; counsel for plaintiff claims that it is not. Certain is it that it is not made in the printed brief for defendant, and we are unable to say that it was made on the oral argument as applicable to this case. The counsel for defendant having failed to present this point in his brief, he cannot, according to the spirit of our rules, urge it in oral argument. In view of the want of agreement between counsel, we are required to hold that the question of prior adjudication cannot be determined in this case." *Iowa Homestead Co.* v. *Des Moines Navigation and Railroad Co.*, 63 Iowa, 285.

The " foregoing opinion " referred to was that in the case of the *Administrator of Mrs. Grace H. Litchfield* v. *Crane,*

*ante,* 549. The record in that case, taken in connection with that in this, shows that the answer setting up the former adjudication, the reply thereto and the assignment of errors on this point, were the same in both cases. They differed in their facts only in that Mrs. Litchfield was not actually a party to the former suit upon the face of the record, and the Navigation and Railroad Company was.

We cannot look upon the reason given by the court below for not considering the question of prior adjudication as sufficient for avoiding the decision of a controlling Federal question, fairly presented by the pleadings, proofs and assignment of errors, and necessarily involved in the determination of the case. That question stood in the very front of the litigation, and, if decided in favor of the Navigation and Railroad Company, ended the whole matter. To give a judgment the other way, without considering it, was simply to ignore one of the most important elements of the case as it stood in the record. There can be no escape from this conclusion.

It seems from the opinion, which, as part of the record, we must take notice of, that this case was argued in connection with that of the administrator of Mrs. Grace H. Litchfield. The defence of prior adjudication was made in both, though the facts in the case of Mrs. Litchfield were different from those in this. Mrs. Litchfield was not an actual party to the suit in which the prior adjudication was had, while the Navigation and Railroad Company was; but the question of the jurisdiction of the court for the determination of the rights of the parties was the same in both. In the oral argument, there being but one for the two cases, this point was raised and discussed, but in the printed briefs it was referred to only in that entitled in the suit of the administrator of Mrs. Litchfield. As it was *the* defence in this case, and, if sustained, made it unnecessary to consider anything else, we cannot decide that the court was justified in holding that it could not be determined. Such action was, in our opinion, equivalent to a decision against the Federal right which was actually set up and claimed, and thus our jurisdiction for the

review of the judgment on this question, as well as the others, is complete.

We proceed, then, to consider the only objection which has been made to this defence, and that is, the alleged want of jurisdiction in the courts of the United States — both this court and the Circuit Court — to entertain and finally dispose of the suit in which the prior adjudication was had. It must be conceded that the Homestead Company and the Navigation and Railroad Company were both Iowa corporations, and, therefore, in law, citizens of the same State; but the defendants, the Litchfields and Stryker, who caused the removal to be made, as well as Wolcott, Burrows, McAlpine, Chapman, the Tracys, and Wade, were citizens of the State of New York. After the removal was effected, all the above named defendants, as well as Welles and the Navigation and Railroad Company, appeared, filed answers, and defended the action. The Homestead Company took issue on all the answers, and actually contested the matters in dispute with the Navigation and Railroad Company, as well as the other defendants, in the Circuit Court, and in this court on appeal, without taking any objection to the jurisdiction.

The precise question we have now to determine is, whether the adjudication by this court, under such circumstances, of the matters then and now at issue between the Homestead Company and the Navigation and Railroad Company was absolutely void for want of jurisdiction. The point is not whether it was error in the Circuit Court to take jurisdiction of the suit, or of so much of it as related to the Navigation and Railroad Company, originally, but as to the binding effect of the decree of this court so long as it remains in force, and is not judicially annulled, vacated, or set aside.

It was decided in *Hancock* v. *Holbrook*, 119 U. S. 586, that if a suit, in which there was but one controversy, between a citizen of the State in which the suit was brought and a citizen of another State, was removed from a state court to a Circuit Court of the United States on the ground of "prejudice or local influence," under sub-section 3 of § 639 of the Revised Statutes, which is the reënactment, in the revision, of the act

of March 2, 1867, c. 196, 14 Stat. 558, in force when the proceedings now under consideration were had, it was not error in the Circuit Court to remand the suit if all the defendants were not citizens of different States from all the plaintiffs; but here the question is, whether, if all the parties were actually before the Circuit Court, the decree of this court on appeal is absolutely void, if it appears on the face of the record that some of the defendants who did not join in the petition for removal were citizens of the same State with the plaintiff.

It was settled by this court at a very early day, that, although the judgments and decrees of the Circuit Courts might be erroneous, if the records failed to show the facts on which the jurisdiction of the court rested, such as that the plaintiffs were citizens of different States from the defendants, yet that they were not nullities, and would bind the parties until reversed or otherwise set aside. In *Skillern's Executors* v. *May's Executors*, 6 Cranch, 267, the Circuit Court had taken jurisdiction of a suit and rendered a decree. That decree was reversed by this court on appeal, and the cause remanded with directions to proceed in a particular way. When the case got back it was discovered that the cause was "not within the jurisdiction of the court," and the judges of the Circuit Court certified to this court that they were opposed in opinion on the question whether it could be dismissed for want of jurisdiction after this court had acted thereon. To that question the following answer was certified back: "It appearing that the merits of the cause had been finally decided in this court, and that its mandate required only the execution of its decree, it is the opinion of this court that the Circuit Court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings." That was in 1810. In 1825, *McCormick* v. *Sullivant*, 10 Wheat. 192, was decided by this court. There a decree in a former suit was pleaded in bar of the action. To this a replication was filed, alleging that the proceedings in the former suit were *coram non judice*, the record not showing that the complainants and defendants in that suit were citizens of different States; but this court held

on appeal that "the courts of the United States are courts of *limited*, but not of *inferior*, jurisdiction. If the jurisdiction be not alleged in the proceedings, their judgments and decrees may be reversed for that cause on a writ of error or appeal; but until reversed they are conclusive between the parties and their privies." "But they are not nullities." There has never been any departure from this rule.

It is said, however, that these decisions apply only to cases where the record simply fails to show jurisdiction. Here it is claimed that the record shows there could be no jurisdiction, because it appears affirmatively that the Navigation and Railroad Company, one of the defendants, was a citizen of the same State with the plaintiff. But the record shows, with equal distinctness, that all the parties were actually before the court, and made no objection to its jurisdiction. The act of 1867, under which the removal was had, provided that when a suit was pending in a state court "in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, . . . such citizen of another State, . . . if he will make and file an affidavit stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court, may . . . file a petition in such state court for the removal of the suit" into the Circuit Court of the United States, and, when all things have been done that the act requires, "it shall be . . . the duty of the state court to . . . proceed no further with the suit," and, after the record is entered in the Circuit Court, "the suit shall then proceed in the same manner as if it had been brought there by original process."

In the suit now under consideration there was a separate and distinct controversy between the plaintiff, a citizen of Iowa, and each of the citizens of New York, who were defendants. Each controversy related to the several tracts of land claimed by each defendant individually, and not as joint owner with the other defendants. Three of the citizens of New York caused to be made and filed the necessary affidavit and petition for removal, and thereupon, by common consent

apparently, the suit as an entirety was transferred to the Circuit Court for final adjudication as to all the parties. The plaintiff, as well as the defendants, appeared in the Circuit Court without objection, and that court proceeded as if its authority in the matter was complete. Whether in such a case the suit could be removed was a question for the Circuit Court to decide when it was called on to take jurisdiction. If it kept the case when it ought to have been remanded, or if it proceeded to adjudicate upon matters in dispute between two citizens of Iowa, when it ought to have confined itself to those between the citizens of Iowa and the citizens of New York, its final decree in the suit could have been reversed, on appeal, as erroneous, but the decree would not have been a nullity. To determine whether the suit was removable in whole or in part or not, was certainly within the power of the Circuit Court. The decision of that question was the exercise and the rightful exercise of jurisdiction, no matter whether in favor of or against taking the cause. Whether its decision was right, in this or any other respect, was to be finally determined by this court on appeal. As the Circuit Court entertained the suit, and this court, on appeal, impliedly recognized its right to do so, and proceeded to dispose of the case finally on its merits, certainly our decree cannot, in the light of prior adjudications on the same general question, be deemed a nullity. It was, at the time of the trial in the present case in the court below, a valid and subsisting prior adjudication of the matters in controversy, binding on these parties, and a bar to this action. In refusing so to decide, the court failed to give full faith and credit to the decree of this court under which the Navigation and Railroad Company claimed an immunity from all liability to the Homestead Company on account of the taxes sued for, and this was error.

*For this reason, the judgment is reversed, and the cause is remanded for further proceedings, not inconsistent with this opinion.*