*In re* EATON *et al.*

(*Circuit Court, N. D. California.* August 22, 1892.)

Nos. 11,684, 11,690.

1. VIOLATION OF INJUNCTION—CONTEMPT—HABEAS CORPUS.
    In a federal circuit court, an order of injunction is not void because the necessary jurisdictional facts do not appear on the face of the pleadings, and a person imprisoned for contempt in violating the same is not entitled to release on *habeas corpus.*
2. SAME—JURISDICTION OF CIRCUIT COURT.
    It is doubtful whether a circuit court has any authority to review the judgment of another circuit court by writ of *habeas corpus.*

Petition filed August 19, 1892, by Thomas Eaton and others for a writ of *habeas corpus.* Denied.

*Reddy, Campbell & Metson,* for petitioners.

McKENNA, Circuit Judge. The petitioners allege that a suit was brought in the circuit court in and for the district of Idaho by the Helena Frisco Mining Company, a corporation, against the Miners' Union of Wardner *et al.*, in which suit an order of injunction was issued, and that the petitioners disobeyed said injunction, and were adjudged guilty of contempt of the authority of said court, and were sentenced to imprisonment for various terms in the county jail of the county of Ada, in the state of Idaho, in which they are imprisoned and detained by one Ouldham, sheriff of said county. The petitioners claim that said circuit court had no jurisdiction of said action, in that it appears upon the face of the bill filed in said action, and in that in point of fact, the said action is not of a civil nature, at common law or in equity, wherein the amount in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000; and that said action is not a suit in which there is a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000; and petitioners, therefore, claim that the court had no jurisdiction to issue the said order of injunction, or punish them for contempt in disobeying it.

Assuming that the allegations of petitioners are sufficiently specific, and that no other ground of jurisdiction appeared, the order of injunction and the proceedings and judgment for contempt based upon it are not void. The supreme court, in *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.*, say: "It was settled by this court at a very early day, that, although the judgments and decrees of the circuit courts might be erroneous, if the records failed to show the facts on which the jurisdiction of the court rested, such as that the plaintiffs were citizens of different states from the defendants, yet that they were not nullities, and would bind the parties until reversed or otherwise set aside. In *Skillern's Ex'rs* v. *May's Ex'rs*, 6 Cranch, 267, the circuit court had taken jurisdiction of a suit and rendered a decree. The decree

was reversed by this court on appeal, and the cause remanded, with directions to proceed in a particular way. When the case got back it was discovered that the cause was 'not within the jurisdiction of the court,' and the judges of the circuit court certified to this court that they were opposed in opinion on the question whether it could be dismissed for want of jurisdiction after this court had acted thereon. To that question the following answer was certified back: 'It appearing that the merits of the cause had been finally decided in this court, and that its mandate required only the execution of its decree, it is the opinion of this court that the circuit court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings.' That was in 1810. In 1825, *McCormick* v. *Sullivant*, 10 Wheat. 192, was decided. There a decree in a former suit was pleaded in bar of the action. To this a replication was filed, alleging that the proceedings in the former suit were *coram non judice*, the record not showing that the complainants and defendants in that suit were citizens of different states; but this court held, on appeal, that 'the courts of the United States are courts of limited, but not of inferior, jurisdiction. If the jurisdiction be not alleged in the proceedings, their judgments and decrees may be reversed for that cause on a writ of error or appeal; but, until reversed, they are conclusive between the parties and their privies.' 'But they are not nullities.' There has never been any departure from this rule." 123 U. S. 557, 558, 8 Sup. Ct. Rep. 217.

These cases are distinguishable from *Ex parte Rowland*, 104 U. S. 604, and other cases cited by petitioners' counsel. In *Re Sawyer*, 124 U. S. 200, 8 Sup. Ct. Rep. 482, the court reaffirmed the doctrine that an order committing a party for contempt is a nullity if the court had no authority to make the order disobeyed. The court said:

"As this court has often said: 'Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void." *Elliott* v. *Peirsol*, 1 Pet. 328, 340; *Wilcox* v. *Jackson*, 13 Pet. 498, 511; *Hickey* v. *Stewart*, 3 How. 750, 782; *Thompson* v. *Whitman*, 18 Wall. 457, 467.

But the court further said, distinguishing voidable from void judgments:

"We do not rest our conclusion in this case in any degree upon the ground, suggested in argument, that the bill does not show a matter in controversy of sufficient pecuniary value to support the jurisdiction of the circuit court, because an apparent defect of its jurisdiction in this respect, as in that of citizenship of parties, depending upon an inquiry into facts which might or might not support the jurisdiction, can be availed of only by appeal or writ of error, and does not render its judgment or decree a nullity. *Prigg* v. *Adams*, 2 Salk. 674, Carth. 274; *Fisher* v. *Bassett*, 9 Leigh, 119, 131–133; *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552, 8 Sup. Ct. Rep. 217."

It appears, therefore, from the showing made by petitioners, that if brought into court, and the cause of their commitment inquired into, they would be remanded. By virtue of the decision of *Ex parte Terry*, 128 U. S. 289, 9 Sup. Ct. Rep. 77, the writ will be denied.

When this petition was presented to me I intimated that I doubted the propriety, if not the competency, of the circuit court for the ninth circuit in and for the district of California re-examining, re-reviewing, and perhaps annulling, by the agency of the writ of *habeas corpus*, the judgment of the circuit court for the ninth circuit in and for the district of Idaho; but, as the writ has been denied on the ground I have already stated, I do not deem it necessary to render a definite opinion on that point. The writ is denied.

(August 29, 1892.)

McKENNA, Circuit Judge. This petition is fuller than the former one, presented August 19, 1892, and excludes some inferences which the other permitted. It may not be apparent upon what grounds the circuit court of Idaho assumed and justified its jurisdiction. Yet I think the rule laid down in *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552, 8 Sup. Ct. Rep. 217, applies. There is a distinction made between void and voidable judgments, even when a question of jurisdiction is involved. In *Re Sawyer*, 124 U. S. 200, 8 Sup. Ct. Rep. 482, it was held that an apparent defect of jurisdiction, because the bill does not show a matter in controversy of sufficient pecuniary value, or a defect on account of the citizenship of parties, can only be availed of by appeal or writ of error, and does not render a judgment or decree a nullity. The petition herein only shows such defects; hence the judgment of the circuit court was not a nullity. I take occasion to repeat the doubt, expressed in my former opinion, of the propriety, if not competency, of this court entertaining the petition, and reviewing by writ of *habeas corpus* a judgment of the circuit court for the state of Idaho. The writ of *habeas corpus* is of pre-eminent right, but the observance and maintenance of the due relations of courts is also important. If this court can review the judgments of another circuit court because, as a circuit court, it has the power to issue a writ of *habeas corpus*, it could, under the same power, review a judgment of the supreme court. To do so would be more strikingly invidious, but not really less invidious, than to review a judgment of another circuit court. The writ is therefore denied.