## ILLINOIS CENT. R. CO. v. SHEEGOG et al.

(Circuit Court, W. D. Kentucky, March 18, 1910.)

**1. REMOVAL OF CAUSES (§ 119*) — JUDGMENT — VALIDITY — JURISDICTION OF COURT.**

A judgment of a federal court, rendered in a cause removed from a state court, is not void because of the insufficiency of averment of jurisdictional facts in the petition for removal, where, as in this case, the plaintiff on a motion to remand had by his answer put in issue the truth of the allegations made in the petition for removal and upon the answer and the evidence the issue was decided against him.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 252; Dec. Dig. § 119.*]

**2. COURTS (§ 508*)—CONFLICTING JURISDICTION—JUDGMENT—ENFORCEMENT—ESTOPPEL.**

A defendant in an action in a state court filed a petition for removal, which was overruled. Thereupon it filed a transcript of the record in the federal court, and a motion by plaintiff to remand was denied. The action was tried on the merits in the state court, resulting in a judgment for the plaintiff,' which was taken on writ of error by defendant to the highest.court of the state, and from there to the Supreme Court of the United States, by which it was affirmed on the ground that the petition for removal 'was not sufficient to oust the state court of jurisdiction. In the meantime the case was also tried on the merits in the federal court, resulting in a judgment for defendant. *Held* that, while such judgment was valid, the defendant was estopped to enforce it by the judgment of the Supreme Court obtained at its instance. and that it could not be made the basis for a suit to enjoin the enforcement of the judgment of the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*]

In Equity. Suit by the Illinois Central Railroad Company against Robert W. Sheegog and others. On motion for preliminary injunction. Motion denied.

Trabue, Doolan & Cox, for complainant.
Hendrick & Miller and P. B. Miller, for defendants.

SEVERENS, Circuit Judge. It appears from this bill that the defendant Sheegog brought suit in the circuit court for Union county, Ky., against this complainant, and a conductor of one of its trains, and the Chicago, St. Louis and New Orleans Railroad Company, to recover damages for the alleged negligence of the three defendants, whereby his intestate lost his life. The Illinois Central Railroad Company, one of the defendants in that suit, filed a petition for removal to this court upon the ground that there was a separable controversy in the case between it and the plaintiff in that suit; and charged that the other defendants, who were citizens of the same state with the plaintiff, were fraudulently joined with the petitioner for the sole purpose of preventing the removal of the cause by the petitioner into this, a federal court, as the petitioner might have done but for such fraudulent joining of defendants. And the petitioner tendered a proper bond. The particular allegations of the charge in the petition, made in support of the allegation of the fraudulent joinder, need not here be stated. They

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are fully set forth in the opinions of Mr. Justice Holmes and Mr. Justice Day in the case of Illinois Central Railroad Company v. Shee-gog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. ——.

The Union county circuit court denied the petition and refused to accept the bond. This was done, as must be supposed, for the reason that that court was of opinion that a proper case for removal was not made out by the petition. Thereupon the petitioner procured a transcript of the proceedings in the state court and filed it in this court. The plaintiff in the state court filed in this court a motion to remand, taking issue on the allegations of the petition. Witnesses were produced by the parties in support of, and in opposition to, the motion. The court, upon hearing the evidence, being of opinion that the allegations of the petition for removal in respect to the fraudulent joinder of the resident defendants were clearly established, denied the motion to remand. The plaintiff took the proper course. It is a convenient practice. It in some measure disposes of the uncertainty which is liable to attend the progress of the suit. But if, as is conceded, the court has power to determine its own jurisdiction, and the plaintiff invokes the exercise of that power, how does he escape the judgment if he does not in some way obtain a reversal of it? The plaintiff, however, prosecuted his suit in the state court, in which the defendants answered and made defense. At the trial the court directed a verdict for the other two defendants, and the jury found a verdict against the Illinois Central Railroad Company for $8,250. Judgment was entered thereon on March 23, 1905.

The railroad company carried the case by writ of error to the Court of Appeals for Kentucky, where the judgment was affirmed. From that court the case was taken by writ of error to the Supreme Court of the United States, and the judgment of the Court of Appeals was there affirmed. In the latter court the question was whether the original state court erred in holding that the petition for removal failed to state a case which entitled the petitioner to have the case removed; and the Supreme Court held that it did not err. Mr. Justice Holmes, speaking for the court, discussed the allegations of the declaration and the petition for removal, and expressed the opinion that upon the allegations of the declaration the plaintiff was entitled to join the defendants, as he had done, provided he had done so in good faith, and not fraudulently, and, further, that the allegation in the petition that this was done "fraudulently" was charging by an epithet, and not a specification of any fact to which the epithet was intended to be applied. Other reasons for the judgment were given, but it seems unnecessary to enlarge upon them now. It would, perhaps, have been sufficient to say that the Supreme Court affirmed the ruling of the lower court in holding that the case was not removable. This court does not presume to inquire into the reasons which the Supreme Court held sufficient.

After this court had denied the plaintiff's motion to remand, the defendant filed its answer, stating the defense to the plaintiff's original petition. The plaintiff filed his replication thereto, and on May 2, 1905, the cause came on to be tried by a jury. The plaintiff's evidence was heard, and on motion of the defendant's counsel the court instructed the jury to return a verdict for that party, which was done. A judg-

ment for the defendant was thereupon entered, and it remains unaffected by any subsequent proceeding to reverse it.

The bill alleges that the plaintiff in the state court is threatening to assign to other persons the judgment recovered in that court. The prayer is that this court, by preliminary injunction, restrain the defendants, pending the suit, from attempting to enforce the judgment of the state court.

The circumstances are such as to impress the court with embarrassment; but it conceives that its duty to investigate and determine the questions presented is imperative. It is the right of a party that the duty be exercised. The primary question, as it seems to the court, is whether the judgment rendered here on the 2d day of May, 1905, is a valid judgment, or is void because of the lack of legal authority to pronounce it. Another question is: If it be held valid, what effect does it have upon the right of the plaintiff to enforce his judgment in the state court? The case is novel in respect to some of its conditions, but it would seem to be determinable by the application of certain recognized principles. First, did this court have lawful authority to render the judgment? In other words, is the judgment void because of the lack of authority to render it? The Supreme Court has never yet held that, where the federal Circuit Court has taken and exercised jurisdiction of a case removed from the state court upon an insufficient petition, its judgment, not appealed from, would be utterly void because of the imperfection of the statements of jurisdictional facts in the petition. To so hold would, as it seems to me, lead to highly mischievous consequences. The judgment in every removed case would depend upon the correctness of the court's holding in respect to the sufficiency of the petition for removal, and the question of its correctness would have to be canvassed and determined, and the risk of a right conclusion would put the party in peril of the consequences. If a sale of property ensued in carrying the judgment into effect, can it be that the purchaser would be bound to explore the proceedings leading to the judgment, and determine for himself whether the court judged correctly in holding that it had jurisdiction? Or, to apply another test, suppose the state court refuses to yield to a petition undeniably showing proper ground for removal, and goes on to try the case and render judgment, and no step is taken to reverse it, is the judgment void? I think the law is that in neither case is the judgment void, so long as it is not reversed or set aside, or otherwise impugned, by competent judicial authority. Ample means are pointed out in a number of decisions of the Supreme Court whereby errors of the state court and of the federal court in determining their jurisdiction may be corrected; and the inference is that one complaining of a judgment upon such ground must, in the way pointed out, seek his relief: There seems to be no other way of reconciling opposing judgments. The public inconvenience of leaving the judgments of the court to hazard is, of itself, sufficient to support the rule which appears to me to be the sound one. Moreover, it accords with the decisions which have long since established the doctrine that the judgments of the federal courts are not void because of the lack of averments in the record of the requisite jurisdictional facts. McCormick v. Sullivant, 10 Wheat. 199, 6 L.

Ed. 300; Des Moines Nav. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; Chesapeake & Ohio R. R. Co. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765.

The fact that two Justices of the Supreme Court dissented in the case which went up from the state court is enough to justify the observation that the question whether the petition for removal was sufficient and valid was at least open to debate, and one upon which fair-minded men might differ. In that case the question came up directly on the record of the state court. And on that record it would only appear that a petition and bond for removal had been filed and denied. The Supreme Court was dealing with the case as one coming up on error from a holding of the state court that it had jurisdiction. It was simply the question whether the state court erred in holding the petition insufficient. The holding of the Supreme Court in that case did not have the effect of reversing the judgment of this court, however potent the reasons found why it should have been reversed if it had been brought up for review.

Coming, now, to the other question, we assume that the judgment of this court was, when rendered, valid. The question now is whether what has since transpired disentitles the defendant therein to enforce it. As already stated, the plaintiff, after the trial and judgment in the state court, pursued the case in the federal court and brought it on for trial and judgment, instead of dismissing or deserting it. He was not in the position of a defendant, who cannot control the action. He was free to withdraw or proceed as he chose; and he chose to go on. The judgment was rendered upon the merits of the case. He might have taken the case to the proper appellate court, and had the determination of this court corrected, if it was wrong, either upon the question of jurisdiction or upon the merits. If this were all, I could find no ground for denying the injunction prayed for.

But upon another ground I think the defendant in the action at law in this court, and who is the complainant here, is precluded from enforcing the judgment. It defended the action in the state court, as it had the right to do, without prejudice to the right to a removal which it had exercised. It was defeated at the trial, and it carried the case to the state Court of Appeals, where the judgment of the lower court was affirmed. Thereupon it prosecuted a writ of error to the Supreme Court of the United States, where the sole question was whether the lower state court lost jurisdiction by the removal proceedings. The Supreme Court held that the petition for removal was not sufficient in law to deprive the state court of jurisdiction, and affirmed the judgment. This holding is inconsistent with a holding that this court acquired jurisdiction by the attempted removal. The judgment of the Supreme Court was rendered in a case where the parties were the same, and the questions for decision were substantially the same, as here, and it would seem to me that the principle of judicial estoppel applies; and, if so, the complainant here cannot allege a matter which is inconsistent with the ruling of the Supreme Court in the other case. That court is the final arbiter in a controversy of this sort; and it would seem that when it has once determined the question on a con-

test made by one of the parties, and by a recognized procedure, adequate for the purpose, such determination should conclude it, as between the parties. The railroad company carried that case there for the only purpose of obtaining the judgment of that court upon this question. I am quite conscious of technical difficulties, but am persuaded that the reasoning by which my conclusion is reached is substantially correct.

The motion for a preliminary injunction must therefore be denied.