ON REHEARING
TATE, Justice.
The plaintiffs sue in state court to enjoin their parish school board from imple *1127 menting a reorganization of the school system previously ordered by the United States District Court, Western District of Louisiana, in Boudreaux v. St. Mary Parish School Board, 303 F.Supp. 394.[1] The United States obtained an order from the federal court removing the present state suit to it and consolidating it with the earlier federal Boudreaux case.
We granted certiorari to review the action of the state district court. The latter had found itself divested of jurisdiction by the federal removal order. It therefore vacated a hearing on the prayer for an injunction.
The plaintiffs-relators contend the state court erred in deferring to the federal removal, arguing that the federal court was without jurisdiction to order it and that its judgment doing so is a nullity.
In our original opinion we held that, whatever the merits of the plaintiffs’ complaints as to the allegedly illegal removal, we could not consider them: The. federal judgment rejecting these complaints had become final and constituted res judicata barring collateral attack, because the plaintiffs had failed to appeal or otherwise seek review of such adverse ruling.
We granted rehearing in view of the strong arguments that we erred in our original decision. The plaintiffs earnestly insist that the removal was null because the petitioner for removal (the United States) is not a party to the state proceeding. Therefore, it is argued, the authorities relied upon in our original majority opinion arc distinguishable.
In our original opinion we have set forth in detail the facts relating to this litigation. Pertinently for present purposes, they show:
After the United States secured from the federal court an order removing the plaintiffs’ state injunction suit to it, the plaintiffs filed in federal district court a motion to remand the case to state court. The bases of this motion were the identical contentions presently raised as a basis for this court to ignore the federal removal action: that the action had not been properly removed to federal court; that the procedural steps required for removal by 28 U.S.C. § 1441 et seq. had not been complied with; and that the federal court was *1129 without jurisdiction over the action and had no authority to vacate the order for the state court hearing.
At a hearing on the plaintiffs’ motion to remand, the federal court rejected the plaintiffs’ demand. It also ordered them to intervene in the federal suit. After further contradictory motion,[2] the federal court ordered the state court suit to be dismissed.
The plaintiffs did not appeal from, nor otherwise seek review of, the orders and judgments of the federal court. The federal court’s final judgment of dismissal is no longer appealable, nor is any contention made to the contrary.
In contending that the federal court had no authority to order removal of the present state suit to it, the plaintiffs rely upon jurisprudence to the following effect: The right to remove a cause from a state court to a federal court is a statutory right. It may be asserted only by the defendant or defendants and is strictly construed. The party seeking to assert the right must show that he comes clearly within the provisions of the removal statute, with all doubts to be resolved against removal.
Essentially, the plaintiffs rely upon the circumstance that the United States was not a defendant to the state court suit and therefore had no right to remove it to the federal court under 28 U.S.C. § 1441 et seq., the statutory authorization upon which removal of a state court action to federal court is usually based.[3]
The United States does not, however, rely upon this statute as authority for its removing the case to federal court. Instead, it relies upon the All Writs Act, 28 U.S.C. § 1651(a).[4] In this connection, it points out that the purpose of relators’ state court action is to block implementation of the federal court desegregation order in the Boudreaux case. The United States cites jurisprudence to the effect that such Act is an independent source of authority under *1131 which the federal courts can issue writs and fashion procedures necessary to protect their own jurisdiction.[5]
We are unable to consider these opposing contentions, for we adhere to our original determination that the prior federal ruling that this suit was properly removed has become definitive and is now res judicata.
The object of the demand sought to be enforced here bj’’ these state proceedings — that the federal court was without authority to order the removal of this state court suit to it — has been previously decided by final judgment in the federal proceedings to which the present litigants were parties. This judgment has become definitive due to the failure of the plaintiffs to appeal it or seek other direct review. Res judicata therefore precludes collateral state attack upon this prior federal judicial determination of the question. See City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958).
As we noted in our original opinion,, a long-settled and unbroken line of decisions so holds:
A federal court is competent to decide whether or not it has jurisdiction of a case sought to be removed to it from state court; its determination, even if erroneous, is not a nullity. Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 38 L.Ed. 463 (1894); Des Moines Navigation & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887). If a federal court rejects a motion to remand a state proceeding removed to it, and its final judgment is not appealed, the federal judgment in the removed suit is conclusive upon the parties to it; this judgment is a bar to further proceedings in the state court. Chesapeake & Ohio R. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765 (1909). See also Baldwin v. Iowa State Traveling Men’s Ass’n., 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).[6]
The plaintiffs seek to evade the force of these authorities by attempting to distinguish them. They point out that none *1133 of them concern instances where the party who removed the suit was not a party to the state suit as initially filed.
The important criteria for res judicata, however, does not concern this circumstance but, instead, whether there was an identity of parties in the federal proceedings, including to the decision of the motion to remand filed there by the present plaintiffs.
All of the parties to this present state suit (i. e., the plaintiffs, the United States, the defendant school board) were also parties to the decision and determination in federal court of the motion to remand filed there by the present plaintiffs. At the same time, the juridical facts asserted as cause or cause of action were the same as now (i. e., the allegedly improper removal, and the federal court’s lack of jurisdiction to order it). Likewise, the objection of this demand (the thing demanded) is the same at this stage in this state suit as that sought in the federal remand hearing (i. e., a declaration that the federal court was without authority to consider as valid the removal of the state court suit to it).
The prior federal judgment of dismissal, resultant from the federal court’s denial of the plaintiffs’ motion to remand, is now a definitive judgment, since not appealed and no longer appealable, Louisiana Civil Code Article 3556(31). Since the requisite identities of (a) parties, (b) cause or cause of action, and (c) object of the demand (the thing demanded) are present between the present state proceeding and the prior federal determination, such latter determination has acquired the authority of the thing adjudged, i. e., is res judicata. Civil Code Article 2286; Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954).
This federal ruling is thus conclusive upon the parties to it. It now bars the plaintiffs from raising again before this court the identical demands previously rejected by such ruling.
For the reasons assigned, therefore, we adhere to our previous opinion. The writs previously issued by this court are recalled, and the plaintiffs-relators’ petition is dismissed at their cost.
Writs recalled, and petition dismissed.

. The reorganization plan is attacked as illegal and unconstitutional in its denial of freedom of choice to the students and in its requirement of compulsory bussing of students to schools distant from their homes. We do not reach the merits of this complaint, since (for the reasons to be stated) we hold that the state proeeedings have been finally removed to the federal tribunal due to the failure of relators to seek review of adverse rulings there. The plaintiffs’ recourse to question the legality and constitutionality of the plan is therefore in that tribunal.

. This was opposed by appearance by the plaintiffs through counsel. They argued that the federal court had no right to compel it to intervene — a contention identical to one presently urged as a ground for stating that the federal court lacked jurisdiction to dismiss the present suit.

. It is not substantially disputed that, if the case had been removed under this statute, then tire state court would thereby have been divested of jurisdiction. See 28 U.S.C. § 1446(e); State ex rel. Gremillion v. NAACP, 90 So.2d 884 (La.App. 1st Cir., 1956); Lowe v. Jacobs, 243 F.2d 432 (C.A.5, 1957); Moore’s Federal Practice, 0.146 [4]. Whether a case has been properly removed under these provisions is now a matter for the federal court alone to determine.
However, as the plaintiffs-relators correctly point out, the present case was not removed to federal court by authority of this statute. Therefore we are not necessarily bound by the statutory provision to the effect that the state courts can proceed no further after the case is removed pursuant to this federal statute.

. 28 U.S.C. § 1651(a) provides; “The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.”

. Harris v. Nelson, 394 U.S. 286, 299-300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969); Price v. Johnston, 334 U.S. 266, 282, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

. These rulings occurred prior to the 1948 revision of the statutory regulation of federal removal made by 28 U.S.C. § 1441 et seq. Prior to this 1948 revision, the lines of demarcation between state and federal jurisdiction in removal proceedings were unclear, and a state court did not necessarily have to yield to a removal to federal court made by a party to a state court action. See Moore’s Federal Practice 0.168 [2], (Removal Practice Prior to the Code of 1948). As the decisions above cited show, however, even under this scheme of statutory regulation a failure to appeal or seek other direct federal review of an improper removal judgment concluded the parties to the state suit from collateral attack upon the final federal judgment in the suit as removed to federal court.