Lawrence W. LAMBERT,
Plaintiff-Appellant,

v.

David R. CONRAD and Martha Carlson,
Defendants-Appellees.

No. 75–1639.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 12, 1976.

Decided June 24, 1976.

Rehearing Denied July 21, 1976.

Edward F. Diedrich, DeKalb, Ill., for plaintiff-appellant.

John B. Angelo, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, and PELL and TONE, Circuit Judges.

PELL, Circuit Judge.

The crucial issue in this appeal is whether plaintiff's present civil rights action for damages is barred by the dismissal of a prior similar action for injunctive relief.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging jurisdiction under 28 U.S.C. § 1343. He alleges that he was improperly denied a pre-termination hearing before his discharge from Northern Illinois University, where he was employed as a computer operator; that the post-termination hearing provided was inadequate; and that he was discriminated against because of his sex. Defendant Carlson was the assistant director of computer services for the University, and defendant Conrad was the assistant personnel director. The complaint also contained other allegations which are not relevant to the defendants on this appeal. The complaint prayed for punitive as well as actual damages.

The district court dismissed the action on the grounds that it was barred by res judicata. In an earlier action the plaintiff had sought injunctive relief against the Board of Regents of the University. Plaintiff argues that the present action is not barred by res judicata for several reasons: the dismissal of the prior action was on the ground of lack of jurisdiction and therefore not on the merits under Fed.R.Civ.P. 41(b), the district court did not have jurisdiction in the prior action, the present action is for damages and the prior action was for injunctive relief, and the defendants in this action are different from the defendant in the prior action. Plaintiff also argues that the defense of res judicata was not properly raised.

Plaintiff's prior action was dismissed by Judge Julius Hoffman of the Northern District of Illinois. After discussing from the bench the various allegations of plaintiff's complaint, Judge Hoffman indicated that 42 U.S.C. § 1981 was of no avail to plaintiff because he had made no allegations of racial discrimination. He also indicated that plaintiff was barred from invoking Title VII because he had failed to comply with the jurisdictional obligations in 42 U.S.C. § 2000e–5. He then turned to plaintiff's allegations under section 1983 and discussed an employee's due process rights. He indicated that plaintiff's interest did not approach the threshold level of a legitimate claim of entitlement which would give rise to a property interest. He stated that even

if plaintiff's interest could be considered a protected one, the hearing provided to him was sufficient to satisfy due process requirements. He found that the facts alleged showed no denial of equal protection. Finally, he found that the court did not need to consider whether the Board of Regents was a proper person within the meaning of section 1983 since the plaintiff failed to state a claim in any event.

Plaintiff fails to distinguish properly between a dismissal for want of jurisdiction and a dismissal for failure to state a claim upon which relief can be granted. In *Bell v. Hood*, 327 U.S. 678, 682–88, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Supreme Court held that a court may dismiss a claim that is alleged under the Constitution or federal statutes for want of jurisdiction where the claim appears immaterial and made solely for the purpose of obtaining jurisdiction or where the claim is wholly insubstantial and frivolous. Otherwise, the court indicated, the failure to state a proper cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction. From the language of the district judge, we conclude that the dismissal by him was on the merits. See *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971).

■ Plaintiff argues that in any event the action was not properly before Judge Hoffman because the Board of Regents was not a proper party within the meaning of section 1983. This court recently declined to take a position on that issue in *Hill v. Trustees of Indiana University*, 537 F.2d 248, No. 75–1010 (7th Cir. April 5, 1976), although it is clear that if the Board were an improper party, the district court would have been without jurisdiction. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Nevertheless, a prior decision remains a bar to a future action even though it now appears that the court had no jurisdiction in the prior action. *Des Moines Navigation and R.R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887); *Lester v. McFaddon*, 415 F.2d 1101, 1107 (4th Cir. 1969). This is true because a court has jurisdiction to determine its jurisdiction; and once it has made that determination, its decision is binding unless reversed on appeal. *United States v. United Mine Workers*, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Des Moines Navigation, supra*, 123 U.S. at 559, 8 S.Ct. 217. This same result is reached even though the parties did not actually litigate the issue in the prior action because res judicata applies not only to matters actually litigated but also to matters which might have been presented to sustain or defeat the right asserted in the earlier proceeding. *United States v. Eastport Steamship Corp.*, 255 F.2d 795, 803 (2d Cir. 1958); 13 C. Wright and A. Miller, *Federal Practice and Procedure* § 3536 at 333 (1975). Therefore, plaintiff cannot now collaterally attack the jurisdiction of the district court in the action except on the grounds of certain public policies which prevail over the doctrine of res judicata. See Wright and Miller, *supra*. No public policy exceptions have been shown.

■ That injunctive relief was sought in the first action and damages are sought in this action is insufficient to distinguish the two actions for purposes of res judicata. In *Hennepin Paper Co. v. Fort Wayne Corrugated Paper Co.*, 153 F.2d 822 (7th Cir. 1946), this court held that an action for equitable reformation of a contract was barred by a prior action for damages. Though the court's theory is not completely clear, it appears to have been proceeding under an election of remedies theory. Professor Moore suggests that the same result should be reached today under the theory of res judicata. 1B J. Moore, *Federal Practice* ¶ 0.405[7] at 764–65. We find Professor Moore's rationale persuasive:

> [W]here law and equity have been united and a litigant can present all his grounds for relief, whether legal or equitable, inconsistent, alternative or hypothetical, in a single action he should be held to have but one cause of action and final judgment on the merits is res judicata as to all matters, legal and/or equitable, in support or defense of that cause of action. (Footnote omitted.) Moore, *supra* ¶ 0.410 at 1156–57.

Since both suits pertain to the same disputed facts and arise out of the same operative facts, they clearly are the same cause of action. *See Saylor v. Lindsley*, 391 F.2d 965, 969 n. 6 (2d Cir. 1968); Moore, *supra* ¶ 0.410[1] at 1157–58. *Richards v. Smoltich*, 359 F.Supp. 9 (N.D.Ill.1973), relied on by plaintiff, is inapposite. In that case the court held that the nature of relief sought determined whether a jury should be allowed in an action under section 1983; it did not concern the extent to which a party would be bound by a judgment in a section 1983 action.

The present defendants are employees of the Board which was the defendant in the prior action. In *Spector v. El Ranco, Inc.*, 263 F.2d 143 (9th Cir. 1959), the Ninth Circuit held that a suit against an employee was barred by a judgment in favor of his employer. It stated:

> Where, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against plaintiff's right of action against the other. *Id.* at 145.

Apparently there was no question that the employee had been acting within the scope of his employment at the time of his actions relating to the accident which occurred. *See Lober v. Moore*, 135 U.S.App.D.C. 146, 417 F.2d 714 (1969). Compare *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), in which the Supreme Court held that a person charged with patent infringement may raise as an estoppel a declaration of invalidity in a prior action even though he was not in any way connected with it. We hold that the difference in the identity of the defendants in the present action from those in the prior action is insufficient reason to prevent plaintiff from being bound.

 Plaintiff argues that he has been denied his day in court and that it would therefore be unjust to apply res judicata against him. This is not the case. The courts have not permitted res judicata to be used against persons who have not had an opportunity to defend because they were not a party to a prior action. For example, in *Markariw v. Rinard*, 336 F.2d 333 (3d Cir. 1964), the court held that plaintiff was not barred by a judgment against his employer in a prior action because he had not had his day in court. In this case plaintiff has had his day in court and now seeks another. On June 29, 1973, plaintiff obtained a temporary restraining order against his termination. On July 2, 1973, Judge Frank McGarr vacated the restraining order on the grounds that the plaintiff had an adequate remedy at law because he could be adequately compensated by an award of damages. On March 29, 1974, nine months later, Judge Hoffman dismissed the action. During the interval plaintiff made no effort to amend his complaint to change the defendants or to seek damages. While the initial complaint seeking injunctive relief might have been hastily drafted, plaintiff had ample time to amend his complaint to seek more comprehensive relief; instead he allowed the action to be dismissed. After judgment was entered, plaintiff could have appealed on the grounds that the district court erred by dismissing on the merits rather than for want of jurisdiction, but he did not. There is no unfairness in not allowing the plaintiff collaterally to attack the prior judgment.

 Plaintiff argues that it was not proper for the defendant to raise the issue of res judicata by a pre-answer motion because it is not one of the defenses enumerated in Fed.R.Civ.P. 12(b). This argument is without merit. We might properly disregard it, since it is raised for the first time on appeal, *Hamilton Die Cast, Inc. v. United States Fidelity and Guaranty Co.*, 508 F.2d 417, 420 (7th Cir. 1975); but it is nevertheless clear that res judicata may be raised by pre-answer motion or at least that it is within the district court's discretion to allow it to be so raised. *Connelly Foundation v. School District of Havenford Township*, 461 F.2d 495 (3d Cir. 1972); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th

Cir. 1967), *cert. denied,* 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599; *Larter & Sons, Inc. v. Dinkler Hotels Co., Inc.,* 199 F.2d 854, 855 (5th Cir. 1952). See 2A J. Moore, *Federal Practice* ¶ 8.28; 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1360 at 634 (1969).

For the foregoing reasons, the judgment of the district court dismissing plaintiff's complaint is

AFFIRMED.