### In re PHILGO REALTY CO., Debtor.

**Bankruptcy No. 892–83877–20.**

United States Bankruptcy Court,
E.D. New York.

Aug. 29, 1995.

Baer Marks & Upham, New York City, for debtor.

Nickless & Phillips, Fitchburg, MA, for David M. Nickless, Trustee of Worcester Quality Foods, Inc.

## DECISION AND ORDER DENYING DEBTOR'S MOTION TO EXPUNGE CLAIM

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

Before the Court[1] is a motion by the Debtor for an order expunging certain claims (the "Motion"). The relief is opposed. For the reasons set forth below, the Court holds that the Motion by Debtor to expunge Claim Number 3 is denied.

### RELEVANT FACTUAL BACKGROUND

On July 9, 1992 an involuntary petition was filed by National Westminster Bank, USA, as an individual creditor under chapter 7 of the United States Bankruptcy Code ("Code").

On July 30, 1992, Debtor filed an Answer to the involuntary petition.

On August 14, 1992, an Order was issued scheduling a trial to be held on November 13, 1992 which was thereafter adjourned to December 3, 1992.

On December 3, 1992, the trial was adjourned to December 15, 1992.

On December 15, 1992, the trial was adjourned to January 5, 1993.

On January 5, 1993, the trial was adjourned to March 2, 1993.

On March 2, 1993, the trial was adjourned to March 4, 1993.

On March 11, 1993, a Consent Order was issued wherein the petition was granted and the case was converted to chapter 11.

On March 26, 1993, Debtor's Schedules and Statement of Financial Affairs were filed.

In Debtor's Schedule F, the trustee in an unrelated bankruptcy case of the estate of Worcester Quality Foods, Inc. ("Worcester") was listed as a creditor but no address was indicated and the Trustee's name was not set forth. Debtor's Schedule F solely indicated:

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND, WIFE, OR JOINT | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO: Worcester Quality Foods Trustee | | | | | | D | $144,000.00 |

Debtor also failed to indicate the trustee's name and address in the List of Creditors Holding 20 Largest Unsecured Claims.

On March 29, 1993, Debtor filed its Verification of Creditor Matrix.

In the Verification of Creditor Matrix, the trustee of Worcester was again listed as a creditor, but no address was indicated and the trustee's name was not set forth. The Verification of Creditor Matrix merely stated:

*Worcester Quality Foods*

*Trustee*

---

1. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title 28, United States Code and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

On March 31, 1993, a "Creditors Change of Address" was filed by Debtor providing the name and address for the trustee for the estate of Worcester, David Nickless.

On March 31, 1993 an Affidavit of Service was filed with the Court by Debtor, indicating that on March 30, 1993, David Nickless was served by mail with an Application for Retention and Proposed Order.

On April 7, 1993, Notice of Commencement of Case Under Chapter 11 of the Bankruptcy Code was mailed to David Nickless as trustee of the estate of Worcester by a representative of the Clerk of the Court.

On April 22, 1993, Claim Number 3, in the amount of $144,000.00 was filed in the name of Worcester, and signed by David M. Nickless as the trustee of the estate of Worcester ("Claimant").

Worcester's claim is based upon a judgment against the Debtor that was entered by Chief Judge James F. Queenan, Jr., United States Bankruptcy Court, District of Massachusetts, in the case *In re Worcester Quality Foods, Inc.*, 152 B.R. 394 (Bankr.D.Mass. 1993) ("Massachusetts Action") in the sum of $144,000.00, plus post-judgment interest. Chief Judge Queenan's decision was issued on February 22, 1993 and later amended on March 29, 1993.

In the Massachusetts Action, the principals of Debtor, Phyllis and Golda Golub were parties. Howard and Sheldon Golub, the spouses of Phyllis and Golda, were also parties to the Massachusetts Action and were found by that Court to be the beneficial owners of Debtor.

The amended complaint in the Massachusetts Action contained specific allegations concerning the funds transferred to the Debtor.

The basis for the judgment against Debtor derives from Howard and Sheldon Golub causing Worcester to transfer the sum of $144,000.00 to Debtor. In the Massachusetts Action, the Court found that the funds which were transferred as alleged consulting fees were recoverable as fraudulent conveyances because Debtor did not render any services to Worcester.

The Claimant contends and the Debtor does not dispute that Debtor filed an appeal of the judgment at issue to the United States District Court for the Central District of Massachusetts, but failed to perfect the appeal.

### LEGAL DISCUSSION

The first issue before the Court is whether the judgment entered in the Massachusetts Action is enforceable against the Debtor in the instant case. The Debtor argues that it was not named as a defendant in the Massachusetts Action and was not a party thereto and therefore entry of judgment against it was improper as violative of due process.

The court in the Massachusetts Action made a determination that it had jurisdiction over the Debtor and thus entered judgment in accordance with that determination. Debtor filed an appeal of the decision and judgment of the Massachusetts Bankruptcy Court but failed to perfect that appeal although it had the opportunity to do so.

■ The doctrine of *res judicata* applies to an adjudication by a court that it possesses requisite jurisdiction in a case unless reversed on appeal. *See Teltronics Servs., Inc. v. LM Ericsson Telecommunications, Inc.*, 642 F.2d 31, 35 (2d Cir.), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981) (Court refused to relieve a party from the *res judicata* effects of a prior judgment of dismissal where the party made no attempt to appeal the judgment).

The rule of law has been set forth that: *[A] court has jurisdiction to determine its jurisdiction; and once it has made that determination, its decision is binding unless reversed on appeal.... This same result is reached even though the parties did not actually litigate the issue in the prior action because res judicata applies not only to matters actually litigated but also to matters which might have been presented to sustain or defeat the right asserted in the earlier proceeding.*

*Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir.1976) (citing *United States v. United Mine Workers*, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947); *Des*

Moines Navigation and R.R. Co. v. Iowa Homestead Co., 123 U.S. 552, 559, 8 S.Ct. 217, 220–21, 31 L.Ed. 202 (1887)). See Heiser v. Woodruff, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946).

■ The determination by the Massachusetts Bankruptcy Court that it had jurisdiction over the Debtor is res judicata. Debtor had the opportunity to appeal the judgment of the Massachusetts Action but failed to perfect said appeal. Therefore Debtor cannot collaterally attack the judgment of the Massachusetts Bankruptcy Court.

Accordingly, the Court concludes that the judgment in the Massachusetts Action is enforceable against the Debtor.

The second issue before the Court is whether the entry of judgment in the Massachusetts Action violated the automatic stay. The Debtor argues that Claim Number 3 should be expunged because the commencement and continuation of the Massachusetts Action and the entry of judgment therein were in violation of the automatic stay, and therefore the judgment is null and void.

Claimant contends and the Debtor does not dispute that the Debtor's counsel and its principals did not advise the Bankruptcy Court in Massachusetts or the Claimant as to the filing of the involuntary petition against the Debtor at any time during the trial or prior to the entry of judgment.

■ Generally, acts taken in violation of the automatic stay are void and of null effect. In re Capgro Leasing Assocs., 169 B.R. 305, 313 (Bankr.E.D.N.Y.1994). However, bankruptcy courts, as courts of equity, have held that:

> [A]n exception to the general rule exists where the facts and circumstances of a particular case warrant treatment of an action taken in violation of the stay as voidable.

In re IBI Sec. Serv., Inc., 158 B.R. 1, 2 (Bankr.E.D.N.Y.1993); See In re Bresler, 119 B.R. 400, 404 (Bankr.E.D.N.Y.1990).

In the IBI case, the Court found that IBI remained "stealthily silent" concerning its bankruptcy filing while its adversary continued with litigation and therefore granted re- lief from the stay nunc pro tunc to the date that the litigation was commenced against the debtor IBI. See In re IBI Sec. Serv., Inc., 158 B.R. 1, 3 (Bankr.E.D.N.Y.1993).

■ In the instant case, judgment in the Massachusetts Action was entered subsequent to the filing of the involuntary petition against the Debtor and thus the automatic stay was violated.

■ On July 9, 1992, the involuntary petition was filed against the Debtor and Debtor filed its answer on July 30, 1992. The trial was adjourned repeatedly and a Consent Order was issued on March 11, 1993 granting the petition. An Affidavit of Service on file with the Court indicated that on March 30, 1993, Debtor served papers by mail on the Claimant. Based on the record, March 30, 1993 was the first date on which the Debtor served any notice to the Claimant regarding the filing of the instant bankruptcy proceeding.

It was not until March 31, 1993, that Debtor supplied the Court with Claimant's name and address. The Court initially sent notice of the instant bankruptcy case to Claimant on April 7, 1993.

The decision of the Court in the Massachusetts Action was dated February 22, 1993 and was later amended on March 29, 1993.

As the Debtor and its principals remained "stealthily silent" concerning the filing against the Debtor and permitted the Massachusetts Action to continue, the Court holds that the Claimant is entitled to relief from stay nunc pro tunc to July 9, 1992, the date that the involuntary petition was filed against the Debtor.

Accordingly, the Motion by the Debtor is **DENIED**.

**SO ORDERED.**