**Jeffrey STEINER, Plaintiff–Appellant,**

v.

**ATOCHEM, S.A., Defendant–Appellee.**

No. 02–9080.

United States Court of Appeals,
Second Circuit.

July 23, 2003.

John M. Griem, Jr. Milbank, Tweed, Hadley & McCloy LLP, New York, N.Y. (Andrew E. Tomback, Milbank, Tweed, Hadley & McCloy LLP, New York, N.Y. on the brief), for Plaintiff–Appellant.

John R. Oller, Willkie Farr & Gallagher, New York, NY, for Defendant–Appellee.

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

In February, 1990, this case was dismissed with prejudice by stipulation. The plaintiff-appellant now seeks to void the judgment under Fed.R.Civ.P. 60(b)(4), on the ground that the district court had no subject matter jurisdiction.[1] We have held in *Nemaizer v. Baker* that a Rule 60(b)(4) motion will not be granted where the district court had a "reasonable basis" for exercising jurisdiction, although the court

---

1. Plaintiff also sought to void the judgment under Fed.R.Civ.P. 60(b)(6). The district court denied this claim, and the plaintiff has not appealed that decision.

may have erred in fact as to the existence of that jurisdiction. *See Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir.1986) (distinguishing a "reasonable basis" for jurisdiction from situations where there is a "total want" or "clear usurpation" of jurisdiction) (citations omitted). Other circuits have made similar distinctions. *See In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 159 F.3d 1016, 1019 (7th Cir.1998); *Honneus v. Donovan*, 691 F.2d 1, 2–3 (1st Cir.1982).

In this case, the plaintiff alleged in his initial complaint that he was a resident of New York State. This was taken to mean that he was a permanent resident for purposes of diversity jurisdiction.[2] And, assuming that the plaintiff was a permanent resident, it was not a usurpation for a court to have thought it had jurisdiction between these two parties.

In 1988, Congress passed an amendment to the diversity jurisdiction statute that reads: "For the purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). That statute may very plausibly be read as dealing with other matters, *see, e.g., Saadeh v. Farouki*, 107 F.3d 52, 55 (D.C.Cir.1997) (amendment denies diversity jurisdiction over suits between permanent resident aliens and U.S. citizens who are domiciled in the same state), and, hence, as having nothing to do with suits between two aliens. Indeed, an early Supreme Court decision suggests that it would be unconstitutional to create diversity jurisdiction among aliens. *Hodgson v. Bowerbank*, 5 Cranch 303, 9 U.S. 303, 3 L.Ed. 108 (1809).

Nevertheless, various courts have indicated that this amendment may have created federal diversity jurisdiction in suits between a permanent resident alien and an alien. *See, e.g., Singh v. Daimler–Benz AG*, 9 F.3d 303, 311–12 (3d. Cir.1993) (also suggesting that *Hodgson v. Bowerbank* might not bar such a grant of jurisdiction); *Nakanishi v. Kanko Bus Lines, Inc.*, 1989 U.S. Dist. LEXIS 7994 at *6 (S.D.N.Y.1989) (noting that the 1988 amendment might allow a suit between a permanent resident alien and an alien). Moreover, several distinguished commentators have suggested the same possibility. *See, e.g.*, Richard H. Fallon, Daniel J. Meltzer & David L. Shapiro, *Hart and Wechsler's The Federal Courts and the Federal System* 1457–58 (5th ed.2003); Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, *Civil Procedure* § 2.6 (3d ed.1999). Under the circumstances, we cannot say that the exercise of jurisdiction to accept a stipulation of dismissal—at least at the time that jurisdiction was taken—was so unreasonable as to constitute an "usurpation."[3]

It follows that the stipulation agreed to by the district court was not void. Plaintiff's arguments to the contrary notwithstanding, there can be no doubt that, before the stipulation was entered, plaintiff had the opportunity to litigate the jurisdictional issue that he is now raising. Be-

---

**2.** It may well be that this statement could have been challenged at the time as insufficient to plead permanent residency. But the pleading constituted the kind of jurisdictional fact that must be challenged at the moment, not later. *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997); *cf. Des Moines Nav. & R.R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 557, 8 S.Ct. 217, 31 L.Ed. 202 (1887).

**3.** Since 1990, we have implied, *see Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000), and several district courts in this circuit have held, *see, e.g., A.T.X. Export, Ltd. v. Mendler*, 849 F.Supp. 283 (S.D.N.Y.1994), that the 1988 amendment does not confer such jurisdiction.

cause we find that the district court was correct, under *Nemaizer*, to reject the 60(b)(4) motion, we need not examine the district court's alternative holding concerning the application of 60(b)(4) and whether the original dismissal is properly understood as a 41(a)(1) or 41(a)(2) dismissal.

We have considered all of Mr. Steiner's claims and find them meritless. We therefore AFFIRM the judgment of the district court.