In re Eugene DUNCAN, Debtor.

Elaine L. Chao, Secretary
of Labor, Plaintiff,

v.

Eugene Duncan, Defendant.

Bankruptcy No. 02–85792–dte.
Adversary No. 02–08406–ess.

United States Bankruptcy Court,
E.D. New York.

March 24, 2004.

Edward Zinker, Jeffrey Herzberg, Zinker, Gelfand & Herzberg, LLP, Smithtown, NY, for Debtor.

John G. Campbell, U.S. Department of Labor, Office of the Solicitor, New York, New York, for plaintiff.

*MEMORANDUM DECISION DENYING THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY EUGENE DUNCAN*

ELIZABETH S. STONG, Bankruptcy Judge.

Before the Court is a motion for summary judgment (the "Motion" or the "Motion for Summary Judgment") brought by Eugene Duncan (the "Defendant") in the above-captioned adversary proceeding (the "Adversary Proceeding"). The Defendant filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on August 13, 2002 (the "Petition Date"), and the case was converted to chapter 7 on February 24, 2003. On November 12, 2002, the Secretary of Labor (the "Secretary" or "DOL") filed a com-

plaint commencing this Adversary Proceeding, which seeks to establish the nondischargeability of a debt under section 523(a)(4) of the Bankruptcy Code. This section creates an exception to discharge for debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §§ 523(a)(4) and (c)(1).

## I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1), as it is a core proceeding concerning property of the estate.[1]

## II. Background

The Defendant seeks a discharge of, among other debts, liability resulting from a partial consent judgment (the "Consent Judgment") entered by the United States District Court for the Eastern District of New York (the "District Court") on February 6, 2001. The Consent Judgment was entered in an action brought by DOL (the "District Court Action") seeking equitable relief, including restitution, under section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, for violations of ERISA allegedly committed by the Defendant in his role as a fiduciary of the International Workers' Guild Health and Welfare Trust (the "Plan"). Specifically, DOL alleged that the Defendant had discretionary control over the Plan and diverted approximately $8 million in Plan assets. Second Motion for Summary Judgment, Exhibit C (Consent Judgment), ¶¶ IV and V. The Defendant and the Secretary entered into a stipulation of settlement in the District Court Action on January 16, 2001, and, after a hearing and questioning of the Defendant,

the District Court entered the Consent Judgment into the record on February 6, 2001. See Memorandum of Law in Opposition, pp. 9–11 (quoting excerpts from hearing transcript). The Defendant also pled guilty to one felony count of a violation of 18 U.S.C. § 1347, health care fraud, on September 22, 2000. Second Motion for Summary Judgement, ¶ 11. See also Second Motion for Summary Judgment, Exhibit D (Criminal Judgment).

The Consent Judgment requires the Defendant to make restitution to the Plan in a series of scheduled payments. The total amount of restitution is not less than $250,000, and could be as much as $8 million, depending on the Defendant's financial condition. See Second Motion for Summary Judgment, Exhibit C (Consent Judgment), ¶ 9. The Secretary alleges that the Defendant has not made any of the payments required by the Consent Judgment (Complaint, ¶ 8), and seeks a declaration that the debt resulting from the Consent Judgment is nondischargeable under section 523(a)(4) of the Bankruptcy Code, on grounds that the obligation arose from defalcation of fiduciary duty.

In this Motion for Summary Judgment, the Defendant asserts that in connection with discovery in this Adversary Proceeding, and after he entered into the Consent Judgment, he learned that the Secretary knew or should have known that the Plan was not within the scope of ERISA. As a result, he asserts, claims for breach of fiduciary duty in overseeing the Plan are within the parameters of state, not federal, regulation and remediation. The Defendant concludes that the Secretary lacked standing to bring, and the District Court lacked subject matter jurisdiction over, the District Court Action. For sub-

---

**1.** The Defendant admits in his Answer that this Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 157(b)(1), and that this is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I). Answer, ¶ 1.

stantially the same reasons, he argues that the Secretary lacks standing to bring this Adversary Proceeding. The Defendant also argues that the Secretary cannot demonstrate that he breached his fiduciary duties to the Plan. After a hearing held on December 8, 2003, and consideration of the relevant factors, the Motion for Summary Judgment is denied.

## III. The Standard for Summary Judgment

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The existence of a "genuine" dispute requires that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. 2505.

The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. Fed. R. Bankr.P. 7056; Fed. R.Civ.P. 56(c); *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Where the moving party does not bear the ultimate burden of proof at trial, it may meet its initial burden under Rule 56(c) by showing "an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir.1988). If the moving party meets its initial burden, then the burden shifts to the opposing party to show that there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 580 (2d Cir.1991); *Brady*, 863 F.2d at 210 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)). Thus, to prevail on this motion, the Defendant must show that taking the evidence in the light most favorable to the Secretary, there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law.

## IV. The Secretary of Labor's Standing in the Adversary Proceeding

The Secretary seeks to establish the nondischargeability of the Defendant's debt under section 523(a)(4) of the Bankruptcy Code. This section provides that an individual will not be granted a discharge from any debt arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Defendant seeks summary judgment on grounds that the Secretary does not have standing to bring this Adversary Proceeding. Second Motion for Summary Judgment, ¶ 15.

■■■ At the outset, in determining whether a federal agency has standing to bring a proceeding under Bankruptcy Code section 523(c), courts view the criteria set forth in the statute "in a liberal light." *Herman v. Egea (In re Egea)*, 236 B.R. 734, 742 (Bankr.D.Kan.1999). Where Congress has granted civil enforcement authority to a federal agency, "courts ... tend toward flexible, liberal applications of the standing components in § 523(c)." *Id.* at 740. This is true even where the official "will not be the ultimate recipient of the money." *Id.* at 741 (quoting *SEC v. Bilze-*

*rian (In re Bilzerian)*, 151 B.R. 954, 959 (Bankr.M.D.Fla.1993)).

ERISA provides DOL with broad enforcement powers and authorizes the Secretary to seek restitution and "such other equitable and remedial relief as the court may deem appropriate" from an ERISA plan fiduciary who breaches his or her fiduciary obligations. ERISA § 409, 29 U.S.C. § 1109. *See also* ERISA § 502, 29 U.S.C. § 1132 (authorizing DOL to seek relief); *United Wire, Metal & Mach. Pension Fund v. McLaughlin*, 1988 WL 107542, *1, 1988 U.S. Dist. LEXIS 16054, *4 (S.D.N.Y.1988). This shows that the Secretary has standing to proceed here.

The terms of the Bankruptcy Code and Rules also support a finding that DOL has standing to bring this Adversary Proceeding. Federal Rule of Bankruptcy Procedure 4007(a) states that "any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr.P. 4007(a). Bankruptcy Code section 101(10)(A) defines "creditor" as an "*entity* that has a *claim* against the debtor that *arose at the time of or before* the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) (emphasis added).

The Bankruptcy Code defines "entity" to include "person, estate, trust, governmental unit, and the United States trustee". 11 U.S.C. § 101(15). Therefore, DOL is an "entity" for the purposes of the Bankruptcy Code because it is a "governmental unit." *Id.*

The Bankruptcy Code defines "claim" as, among other things, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured". 11 U.S.C. § 101(5)(A). Courts have held that the term "claim" should be construed broadly. *See Ohio v. Kovacs*, 469 U.S. 274, 279, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985); *United States v. LTV Corp. (In re Chateaugay Corp.)*, 944 F.2d 997, 1003 (2d Cir.1991); *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 302 (2d Cir.1997). DOL has a "right to payment" in the form of the restitution provisions of the Consent Judgment.[2] Second Motion for Summary Judgment, Exhibit C (Consent Judgment), ¶¶ 4, 9(a). *See also Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (a right to restitution is a "right to payment" under 11 U.S.C. § 101(4)(A) (now § 101(5)(A))). And the right to payment arose "at the time of or before the order for relief," inasmuch as the Consent Judgment was entered by the District Court on February 6, 2001, well before the Debtor's August 13, 2002, Petition Date. Thus, DOL has a "claim" for purposes of the Bankruptcy Code.

Finally, sound considerations of public policy and the purposes behind both the Bankruptcy Code and ERISA justify the conclusion that the Secretary has standing here. As the court stated in *In re Egea*:

---

**2.** This result is not changed because the judgment at issue is a consent judgment. A consent judgment is typically initiated by an agreement between the parties, but it takes its form as a judgment only after it is entered into the record with the approval of the court. *In re Jamesway Corp.*, 205 B.R. 32, 35 (Bankr. S.D.N.Y.1996) (citing *SEC v. Levine*, 881 F.2d 1165, 1178 (2d Cir.1989); *Schurr v. Austin Galleries of Illinois, Inc.*, 719 F.2d 571, 575 (2d Cir.1983)). *See also* 46 Am. Jur.2d *Judgments* § 210 (2003) ("Consent decrees closely resemble contracts ... ordered to be recorded with the sanction of the court."). Because judgments by consent are entered by order of a court, they are not treated as contracts but as judgments entered pursuant to the court's judicial function and power. 46 Am. Jur.2d *Judgments* § 210 (2003).

Public policy underlying both the Bankruptcy Code and ERISA further justifies the Secretary's standing to maintain a dischargeability proceeding on grounds of fiduciary defalcation under § 523(a)(4). In the two enactments, Congress subjects a fiduciary-trustee to a high standard of care and imposes severe sanctions for breach of fiduciary duties.

. . .

In view of the strong public policy against breaches of fiduciary duty enunciated in ERISA and the Bankruptcy Code, to deny the Secretary of Labor standing to contest dischargeability would deprive the Secretary of her statutory role of protector of employee benefit plans and would make bankruptcy a haven for wrongdoers.

236 B.R. at 744–45.

## V. Subject Matter Jurisdiction and Standing in the District Court Action

### A. The District Court's Subject Matter Jurisdiction

 The Defendant argues that the Plan was not in fact an ERISA plan, and that this constitutes a fatal flaw in the District Court's subject matter jurisdiction to enter the Consent Judgment. Second Motion for Summary Judgment, ¶ 15. Subject matter jurisdiction refers to the court's authority to adjudicate the type of controversy that is before it. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Objections to subject matter jurisdiction may be raised at any time during the course of the original action. *Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 621 (2d Cir.1993). This is because the "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndon-*

*ville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir.2000). *See also* RESTATEMENT (SECOND) JUDGMENTS § 11 (1982) ("A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.").

 Federal courts have jurisdiction to determine their own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citing *United States v. Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 91 L.Ed. 884 (1947)); *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376–78, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Courts may determine the existence of subject matter jurisdiction either expressly, by ruling on the issue, or impliedly, by rendering a judgment. *See Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir.1986) (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376–78, 60 S.Ct. 317, 84 L.Ed. 329 (1940)). Here, the District Court found that it had jurisdiction to enter the Consent Judgment, and the Secretary and Defendant acknowledged that finding by their signatures to the Consent Judgment. Second Motion for Summary Judgment, Exhibit C, ¶ 1 ("The Court finds that it has jurisdiction to enter this Partial Consent Judgment.").

 The Defendant correctly asserts that subject matter jurisdiction cannot be waived or achieved by agreement of the parties where it is otherwise absent. *See* Second Motion for Summary Judgment, p. 22. As the Supreme Court has held, subject matter jurisdiction is not subject to waiver, nor can subject matter jurisdiction be conferred by consent of the parties. *See Cotton*, 535 U.S. at 630, 122 S.Ct. 1781; *Chicago, B. & Q. Ry. Co.*, 220 U.S. 413, 421, 31 S.Ct. 460, 55 L.Ed. 521

(1911); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). However, the Defendant overlooks an essential distinction that is of consequence here: the fact that subject matter jurisdiction cannot be waived nor consented to does not mean that it can be collaterally attacked in a subsequent proceeding.

 Courts have long held that "the principles of res judicata apply to questions of jurisdiction ... of the subject matter [and] of the parties." *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85 (1939) (quoting *American Surety Co. v. Baldwin*, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231 (1932)). *See also Chicot County Drainage Dist.*, 308 U.S. at 377, 60 S.Ct. 317; *Sweeton v. Brown*, 944 F.2d 905, 1991 WL 181751, *6 (6th Cir.1991) (quoting 13A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3536 (1984)). "Generally, *res judicata* (claim preclusion) operates to prevent the parties or their privies to a prior action from litigating any matter that was or could have been decided in a previous suit." *Stone v. Williams*, 970 F.2d 1043, 1054 (2d Cir.1992) (citing *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985)). Under the doctrine of res judicata, "a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted). Res judicata treats a judgment as resolving not just all issues that were actually litigated, but all issues that could have been litigated in the action. Because consent judgments entered by the court have the same weight and effect as any other judgment, "[t]he general rule is that a final consent decree is entitled to res judicata effect ... because the entry of a consent judgment is an exercise of judicial power." *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 639 (2d Cir. 1987) (citing *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944)).[3]

 The doctrine of res judicata provides that judgments may not be collaterally attacked on grounds that the court erroneously held that it had subject matter jurisdiction over the action, because "[a]fter a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined." *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104 (1938). This is true even where the issue of subject matter jurisdiction was not actually litigated in the earlier proceeding, because the parties had the opportunity to raise it and chose not to do so. As the Supreme Court stated, "[a] party that has had an opportunity to litigate the question of subject matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). *See also Federated Dep't Stores, Inc. v. Moitie*,

---

3. The Court is aware that the Consent Judgment is only partial. Yet it plainly resolved, and was intended by the parties to be binding upon, all issues of restitution related to the Defendant's alleged breach of fiduciary duties in overseeing the Plan. *See* Second Motion for Summary Judgment, Exhibit C, ¶ XIII ("This Partial Consent Judgment is a complete resolution of the allegations in the civil Complaint of the Secretary of Labor against ... Eugene Duncan ... except for and subject to proceedings under ERISA § 502(1), 29 U.S.C. § 1132(1)."). As the United States Supreme Court has stated, " '[a] judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest.' " *Arizona v. California*, 460 U.S. 605, 618 n. 7, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. e (1982)).

452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Steiner v. Atochem,* 70 Fed.Appx. 599, 600 (2d Cir.2003) (unpublished opinion); 11 C. WRIGHT, A. MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2862 at p. 331 (1995) (noting that "a court's determination that it has jurisdiction of the subject matter is binding on that issue ... if a party had an opportunity to contest subject-matter jurisdiction and failed to do so.").

This rule is illustrated by the Second Circuit Court of Appeals' decision in *Nemaizer v. Baker,* 793 F.2d 58 (2d Cir.1986). There, the appellees contended that they were not bound by a stipulation they had entered into because the case had been improperly removed to the federal court, and therefore, the order signed by the district court was not binding. *Id.* at 64. The Court of Appeals disagreed, stating:

> Even assuming that this case was not properly within the jurisdiction of the district court, appellees may not now collaterally attack that court's exercise of jurisdiction ... Appellees could have moved to remand the action to state court ... or challenged the district court's exercise of jurisdiction on direct appeal. Because they did neither, they are now barred by principles of *res judicata* and the interest in finality of judgments from mounting a collateral attack on a prior judgment in the present action.

*Id.* It makes no difference if the parties did not litigate, or the court did not specifically address, the existence of subject matter jurisdiction. Rather, the court found, "[e]ven if a court does not expressly rule on matters relating to its exercise of jurisdiction, if the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally." *Id.* at 65 (emphasis in original).

Also instructive is *Kirke v. Howe,* 1999 WL 197209, 1999 U.S.App. LEXIS 5697 (2d Cir.1999) (unpublished opinion). There, the parties entered into a stipulation of settlement that was entered by the court as a final judgment. *Id.,* 1999 WL 197209 at *2, 1999 U.S.App. LEXIS 5697 at *5. In opposing a proceeding to enforce the settlement, the defendant argued that the district court lacked subject matter jurisdiction over the original action, and that he did not have an opportunity to litigate the jurisdiction issue because the action was immediately settled. *Id.* The Second Circuit Court of Appeals found this argument to be "meritless" because the defendant "most certainly did have an opportunity to challenge the plaintiffs' complaint on jurisdictional grounds, but instead he made the strategic decision to settle the case." *Id.* The court also rejected the defendant's argument that the district court's failure to state the basis for its subject matter jurisdiction provided grounds to revisit that question. The Second Circuit Court of Appeals found that at most, it provided a reason to consider "whether a reasonable basis for the exercise of jurisdiction existed in the district court, and not whether the district court's jurisdictional determination was legally correct." *Id.,* 1999 WL 197209 at *2, 1999 U.S.App. LEXIS 5697 at *6.

Here, it is apparent that there was a reasonable basis for the District Court's exercise of subject matter jurisdiction. As described above, DOL brought an action pursuant to ERISA, a statute which accords the Secretary broad enforcement powers. And at a minimum, it is clear from the parties' arguments here that the question of whether the Plan fell within the reach of ERISA is complex and highly contested. In the District Court Action, the parties agreed in the Consent Judgment that the Plan was within the

scope of ERISA. *See* Second Motion for Summary Judgment, Exhibit C (Consent Judgment), ¶ III ("At all times relevant to this litigation ... the [Plan] ... constituted 'employee welfare benefit plan(s)' within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) which are subject to the coverage of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a)."). These circumstances provided the District Court a reasonable basis for the exercise of its jurisdiction. *See id.* (reciting that the Plan falls within the ambit of ERISA).

In sum, the Defendant had the opportunity to litigate the issue of subject matter jurisdiction in the District Court Action and, like the defendants in *Nemaizer* and *Kirke*, made a strategic decision to enter into a consent judgment rather than continue litigation. A reasonable basis existed for the District Court's exercise of jurisdiction over the dispute. As a result, the Defendant is precluded, by res judicata principles, from relitigating the issue of the District Court's subject matter jurisdiction in this Adversary Proceeding.[4]

### B. The Secretary of Labor's Standing in the District Court Action

 The Defendant also argues that, because the Plan was not in fact an ERISA plan, DOL lacked standing to bring the District Court Action. Second Motion for Summary Judgment, ¶¶ 15, 16. As with questions of subject matter jurisdiction, it is well-settled that questions of standing are not subject to waiver and must be addressed even where the parties have failed to raise the issue. *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995). Indeed, standing and subject matter jurisdiction are not unrelated, as "the question of standing implicates the court's subject-matter jurisdiction." *Bona v. Barasch,* 2003 WL 1395932, *9, 2003 U.S. Dist. LEXIS 4186, *25–26 (S.D.N.Y.2003) (citing *Moore v. PaineWebber, Inc.,* 189 F.3d 165, 169 n. 3 (2d Cir.1999)). *See Hays,* 515 U.S. at 742, 115 S.Ct. 2431; *American Tissue, Inc. v. Arthur Andersen, LLP,* 275 F.Supp.2d 398, 403 (S.D.N.Y.2003). But here again, the Defendant cannot overcome the obstacles raised by the fact that he is attacking the Secretary's standing to bring the District Court Action—and effectively challenging the District Court's subject matter jurisdiction—collaterally, not directly.

 In the District Court Action, the Defendant had the opportunity to challenge the Secretary's standing, but chose not to do so. For that reason alone, the Defendant cannot relitigate the question of the Secretary's standing to bring the District Court Action in this Adversary Proceeding. *See Ins. Corp. of Ireland, Ltd.,*

---

4. It is possible that the Defendant may not be absolutely precluded from revisiting this question before the District Court that entered the Consent Judgment. Federal Rule of Civil Procedure 60(b) permits parties to seek relief from a judgment or order, "[o]n motion and upon such terms as are just," for several enumerated reasons. *See* Fed.R.Civ.P. 60(b)(1)-(6). In order to pursue such relief, the Defendant would be required to seek relief from the automatic stay in his bankruptcy case. *See* 11 U.S.C. § 362(d). *See also Barbier v. Shearson Lehman Hutton, Inc.,* 943 F.2d 249, 250 (2d Cir.1991) (stating that relief from stay is required to pursue an appeal, regardless of which party is seeking it); *Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir.1986) (finding that the automatic stay attaches to a debtor's appellate proceedings); *Ostano Commerzanstalt v. Telewide Sys., Inc.,* 790 F.2d 206, 207 (2d Cir. 1986) (automatic stay operates against appeals); *In re Capgro Leasing Assoc.,* 169 B.R. 305, 310 (Bankr.E.D.N.Y.1994) (finding a debtor violated the automatic stay by appealing a state court decision without first obtaining stay relief). Neither the question of relief from judgment, nor the question of relief from the automatic stay, is before this Court, and the Court expresses no view on those matters.

456 U.S. at 702 n. 9, 102 S.Ct. 2099, and related discussion, *supra.* And while some courts have concluded that in the area of subject matter jurisdiction, principles of res judicata are tempered by the need to inquire as to whether a reasonable basis exists for the court's exercise of jurisdiction, that does not change the result here. *See Kirke,* 1999 WL 197209 at *2, 1999 U.S.App. LEXIS 5697 at *5–*6; *Nemaizer,* 793 F.2d at 65. There can be no doubt that there was a reasonable basis for the Secretary's standing in the District Court Action.[5] Accordingly, the Defendant is precluded from relitigating the issue of the Secretary's standing before the District Court in this Adversary Proceeding.

## VI. The Defendant's Alleged Fraud

■ As a further ground for summary judgment, the Defendant argues that the Secretary will not be able to meet her burden of proof, as a matter of law, as to the nondischargeability of the Consent Judgment, pursuant to section 523(a)(4) of the Bankruptcy Code. In support, the Defendant states that "the DOL can not [sic] demonstrate that Duncan, as a fiduciary, perpetrated a fraud on an ERISA health care plan." Second Motion for Summary Judgment, ¶ 15. However, the Defendant does not provide sufficient or persuasive specific reasons, nor bring forth sufficient or persuasive particularized arguments, in support of this ground for summary judgment.

As described above, the party seeking summary judgment bears the initial bur-

den of demonstrating that no genuine dispute of material fact exists, and that he is entitled to judgment as a matter of law. *See* Point III, *supra.* In addition, the Court must view the evidence in the light most favorable to the non-moving party. *Id.* Here, it appears that the Defendant has not met this burden. That is, viewing the evidence in the light most favorable to the Secretary, the Defendant has not shown, as a matter of law, that there is no genuine issue of material fact, or that there is "an absence of evidence to support an essential element of the [Secretary's] claim." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988).

## VII. Conclusion

The Court concludes that the Secretary has standing to bring this Adversary Proceeding to establish the nondischargeability of debt pursuant to section 523(a)(4) of the Bankruptcy Code. The Court also concludes that under principles of res judicata, it may not revisit the question of the District Court's subject matter jurisdiction over the District Court Action, and that a reasonable basis existed for the exercise of that jurisdiction. The Court similarly concludes that under principles of res judicata, it may not revisit the question of the Secretary's standing to bring the District Court Action, and that a reasonable basis exists for the Secretary's standing in the District Court Action. Finally, the Court concludes that the Defendant has not shown that he is entitled to summary judgment on the merits of the Secretary's non-

---

5. The Secretary has standing to seek equitable relief permitted by ERISA. ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5). *See Donovan v. Bierwirth,* 538 F.Supp. 463, 467 (E.D.N.Y.1981), *aff'd,* 680 F.2d 263 (2d Cir.1982). This includes standing to bring actions to enjoin acts or practices in violation of ERISA, including breaches of fiduciary duty. *Cicio v. Vytra Healthcare,* 321 F.3d 83, 94 (2d Cir.2003). *See also* ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5). There is no requirement that a suit must "be a cognizable, winning claim ... in order to fall 'within the scope' of the provision for purposes of the jurisdictional analysis." *Plumbing Indus. Bd. v. E.W. Howell Co.,* 126 F.3d 61, 69 (2d Cir.1997).

dischargeability claim. The Court has considered the other arguments advanced by Defendant, and finds that they are not persuasive.

For the foregoing reasons, the Motion is denied. An Order in accordance with this decision will be entered simultaneously herewith.

*ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT BROUGHT BY EUGENE DUNCAN*

Upon the filing of the above-captioned Debtor's motion for summary judgment on November 13, 2003, in this Adversary Proceeding commenced by the Secretary of Labor on November 12, 2002, to determine the nondischargeability of certain debts; and the Court having considered the arguments presented by the papers and the oral arguments of the parties presented at the December 8, 2003, hearing; and for the reasons set forth in this Court's Memorandum Decision dated March 24, 2004; it is hereby

ORDERED, that the Debtor's motion for summary judgment is denied.