# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

No. 10-20736

Lyle W. Cayce
Clerk

PAOLA OVIEDO,

Plaintiff - Appellant

v.

GREGG M. HALLBAUER; RYAN JENNINGS; UNITED STATES OF
AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Paola Oviedo appeals from the decision of the district court dismissing the case after (1) refusing to remand her state court medical negligence claim against two purportedly federally-affiliated doctors, (2) vacating her state court default judgment, and (3) substituting the United States as the defendant.

We agree with the appellant that the finality of the state court judgment at the time of removal made removal improper on these facts. We therefore VACATE the September 29, 2010 judgment (which incorporates the Memorandum Opinion and Order) and RENDER a judgment of dismissal for want of jurisdiction in the federal district court.

No. 10-20736

## I. Facts & Procedural History

In April of 2009, Paola Oviedo filed suit in the 9th District Court for Montgomery County, Texas, against the Conroe Regional Medical Center ("CRMC"),[1] the Sadler Clinic Association ("Sadler"), and two affiliated physicians, Dr. Gregg Hallbauer and Dr. Ryan Jennings. Oviedo's petition alleged claims of negligence resulting in personal injury in the course of her treatment at CRMC while pregnant.

Before the state court, Oviedo filed a notice of non-suit without prejudice as to the claims against Sadler, and Sadler was dismissed from the proceeding. CRMC answered. Hallbauer and Jennings, the remaining parties, did not answer, and Oviedo moved for default judgment. The state court granted the motion on August 31, 2009, and set a hearing on damages. After conducting the hearing, the state court entered a formal default judgment against Hallbauer and Jennings on September 14, 2009. The state court's order entering default judgment specifically found that Hallbauer and Jennings were properly served with citation and process as required by Texas law and that the time for each to file an answer had passed. The court further found that unliquidated damages in the amount of $700,000 were proper, rendered joint and several judgment against Halbauer and Jennings, ordered that execution issue, and then recited that "[t]his judgment is final and disposes of all claims and all parties, and is appealable." Of course, it did not, on its face, dispose of all claims and all parties—Oviedo's suit against CRMC was very much live and active. The court remedied this error by entering an order of severance the following day docketing the suit between Oviedo and CRMC under a separate docket number.[2]

---

[1] The formally named defendant was CHCA Conroe, L.P.; Oviedo's petition asserted that Conroe Regional Medical Center was a d/b/a name of CHCA Conroe, L.P.

[2] Under Texas law, the effect of entering the severance order after a judgment that would otherwise be final but for the presence of the severed party is that the order of

No. 10-20736

On September 29, 2009, the United States, acting on behalf of Jennings and Hallbauer, filed a timely motion for a new trial seeking to set aside the default judgment so as to allow the United States to remove the action to federal court. The United States' motion contended that Jennings and Hallbauer were acting as federal employees in the Public Health Service and could only be sued under the Federal Tort Claims Act ("FTCA"); that Oviedo could not file suit because she had not exhausted her administrative remedies; and that service of process was not properly accomplished on Jennings and Hallbauer as federal employees because Oviedo was required to serve the United States Attorney for the Southern District of Texas through the procedures of Federal Rule of Civil Procedure 4(i). The United States did not request a hearing or a written ruling from the state court. The court never issued a written order on the United States' motion for new trial, and it was therefore overruled by operation of law seventy-five days after the judgment was signed. *See* TEX. R. CIV. P. 329b(c) ("In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."). The United States allowed both the time for filing an appeal, *see* TEX. R. APP. P. 26.1(a)(1) (allowing ninety

severance becomes the "final order" and the various timetables that run from entry of final judgment run from the date of the order of severance. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) ("When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties."). That is, here, September 15, 2009, rather than September 14, 2009. The issue is complicated in the present case because the September 14 judgment by its terms *purported* to dispose of all parties and contained the "language of finality" prescribed by the Texas Supreme Court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). In any event, the case was clearly resolved with a final judgment as to Hallbauer and Jennings, the appellants here, on either September 14, 2009, or September 15, 2009. We need not decide whether the judgment was final on September 14 or only after the severance order because, using the latest date possible (September 15), the result here is the same.

No. 10-20736

days after judgment to file notice of appeal when motion for new trial is filed), and the district court's plenary jurisdiction, *see* TEX. R. CIV. P. 329b(e) (extending district court's plenary jurisdiction to thirty days after motion for new trial is overruled by operation of law), to expire without filing anything further.

On February 3, 2010, the United States filed a notice of removal in the United States District Court for the Southern District of Texas purporting to remove Oviedo's state court suit. Apparently unaware of the operation and effect of Texas Rule 329b, the United States asserted in its notice that "the State court has taken no action on Defendants' Motion for New Trial" and that the matter was still pending before the state court. The United States also asserted that the state court lacked jurisdiction to hear Oviedo's claim at all due to application of the FTCA. Once in federal court, the United States moved to substitute itself for Hallbauer and Jennings, to set aside the default judgment entered by the state court, and to dismiss the case for failure to exhaust administrative remedies.

Oviedo opposed the motions and moved to remand. In a single order dated September 29, 2010, disposing of both parties' motions, the district court granted the United States' motions to substitute, to set aside the judgment, and to dismiss the case without prejudice, and denied Oviedo's motion to remand. Oviedo appealed.

## II. Standard of Review

We review all the relevant issues on appeal de novo. The district court's denial of the motion to remand, the propriety of removal under the various governing statutes, and the existence of subject-matter jurisdiction here are all interrelated questions of law subject to de novo review. *See Kollar v. United Transp. Union*, 83 F.3d 124, 125 (5th Cir. 1996); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) ("The *res judicata* effect of a prior judgment is a question of law that we review de novo.").

4

No. 10-20736

## III. Discussion

The issue presented by this case is, at its core, a simple one: whether the United States may, under any of the various jurisdictional statutes potentially applicable here, remove a case to federal court notwithstanding the fact that the case has completely concluded before the state court. Emphasizing the total finality of the state case here, we hold that it cannot.

The United States asserts that removal and federal jurisdiction were proper under an array of statutes—28 U.S.C. § 1442(a), governing suits against federal officers; 28 U.S.C. §§ 1346(b) and 2679(d)(2), governing claims made under the FTCA; and 42 U.S.C. § 233, the Federally Supported Health Care Assistance Act. The government asserts that these statutes are broad enough to allow for post-judgment removal in the same manner as the Federal Deposit Insurance Corporation ("FDIC")'s removal statute, 12 U.S.C. § 1819(b)(2)(B), that we construed in *In re Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992) (en banc). But even assuming *arguendo* that post-judgment removal can be proper,[3] this case presents a critical distinction that we have never squarely faced: the time for seeking direct review in the state courts had completely expired when the government filed its notice of removal.

It is true that under the broad FDIC statute, we have allowed the removal of cases from pending state appellate proceedings, *see Meyerland*, 960 F.2d at 517, from judgments rendered by a state appellate court but still subject to further appeal, *In re 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir. 1992), and from default judgments as to which a motion to set aside was pending and undecided in the state court, *Murray v. Ford Motor Co.*, 770 F.2d

---

[3] Our disposition of this appeal allows us to pretermit the question of whether the scope of removal under these various statutes is in fact as broad as the United States contends, and we express no opinion on that point. *Cf. Victoria Palms Resort Inc. v. City of Donna*, 234 F. App'x 179, 180 (5th Cir. 2007) (unpublished) (holding that *Meyerland* and similar cases decided under § 1819(b)(2)(B) apply only to that statute).

461, 463 (5th Cir. 1985); *Beighley v. FDIC*, 868 F.2d 776 (5th Cir. 1989). But in no case have we ever approved of the removal of a proceeding that had reached a truly final state court judgment—that is, where the state court judgment was no longer subject to modification by the rendering court or subject to further direct appellate review. Indeed, we have repeatedly reserved this very limiting principle: in *Meyerland*, we cautioned that "[t]he significant factor . . . is that *state appellate proceedings had not yet been exhausted when removal was effected.*" 960 F.2d at 517 (emphasis in original). While Hallbauer, Jennings, and the United States never resorted to the appellate process—whether intentionally or through inadvertence or mistake—state appellate proceedings were nevertheless "exhausted" within the meaning of *Meyerland* when the time to file an appeal expired.[4] There is simply no support in our precedent for the government's position that a case may be removed to federal court after the state courts' jurisdiction has wholly expired.

In similar circumstances, the Second, Sixth, and Ninth Circuits have refused to allow removal on grounds of federalism and logic. *See Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized.") (citing *In re Meyerland Co.*, 910 F.2d 1257, 1266 (5th Cir. 1990) (Higginbotham, J., concurring in part and dissenting in part), *same result reached on reh'g en banc*, 960 F.2d 512 (5th

---

[4] The United States' contention that it could still file a restricted appeal is incorrect. Under Texas Rule of Appellate Procedure 30, only "[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of *and who did not timely file a postjudgment motion* or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)," TEX. R. APP. P. 30 (emphasis added) may file a restricted appeal. The United States here filed a timely motion for new trial– a "postjudgment motion"–by the express terms of the Rule, it therefore cannot file a restricted appeal. *See P & A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.) (rejecting putative restricted appeal where appellant had filed a timely motion for new trial).

No. 10-20736

Cir. 1992)); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."), The Eleventh Circuit has expressed its skepticism as well. *See Jackson v. Am. Sav. Mortgage Corp.*, 924 F.2d 195, 198 n.8 (11th Cir. 1991) ("We need not here address a district court's authority to [modify or dissolve a state court injunction] where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment. *In such a situation, removal itself may be improper*." (emphasis added) (citing *Simithis*, 849 F.2d at 774, and *Ristuccia*, 406 F.2d at 1258)). The weight of authority thus holds that, by the time the government filed its notice of removal in this case, there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment.[5] Removal is simply not possible after a final judgment and the time for direct appellate review has run.[6]

---

[5] We express no opinion on whether the government could remove subsequent ancillary enforcement or collection proceedings initiated in the state courts.

[6] The only other avenue for attacking a default judgment in Texas is by bill of review, *see* TEX. R. CIV. P. 329b(f). The United States did not argue in its brief that the potential availability of a bill of review rendered the state court judgment still subject to appellate review (and therefore arguably still pending and removable), so any such argument need not be considered. In any event, such an argument would be unavailing. A bill of review is a collateral attack, not an appeal or part of the direct review process. "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A bill of review proceeding is "a separate proceeding from the underlying suit," not a continuation of it (and not an "appeal," as it is filed as a new action in the trial court). *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006).

No. 10-20736

The only distinction that the United States presses is its argument that the state trial court lacked jurisdiction, and that removal to federal court, the exclusive forum under the FTCA, is therefore proper. Carried to its logical conclusion, this argument implies that, where exclusive jurisdiction lies in the federal courts, removal at *any* time, no matter how distant from the state's final judgment, is proper.

The problem with this argument is that, as the case appeared to the state court at the time, the judgment against Hallbauer and Jennings that is the subject of this appeal was *not* rendered without jurisdiction. The state court judgment was entered by a Texas state court of general (and vast) jurisdiction,[7] imposing a money judgment on two named individual defendants, Jennings and Hallbauer, personally, payable to an individual plaintiff, Oviedo. Most importantly, the judgment does *not* purport to run against the United States, nor, on its face, is it enforceable against the United States.

Instead, the most the United States can argue is that had the case proceeded in the normal course, Hallbauer and Jennings would have arguably been entitled to substitution of the United States as a party-defendant, and that a judgment against the hypothetically substituted United States would then have been outside the state court's jurisdiction to enter under 28 U.S.C. §§ 2679(b)(1) and 1346(b)(1). *See Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) ("Under the Westfall Act, [viz., § 2679(d)] the Government may remove the case and may substitute itself as a party in place of a federal employee who committed a tort while acting within the scope of his employment. *Upon substitution*, the case falls under the [FTCA]." (emphasis added)); *cf. Gutierrez*

---

[7] TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.")

*de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) (plurality opinion) (noting that a claim against a federal employee in which substitution of the United States as the defendant was not required would not give rise to federal subject-matter jurisdiction on its own). However, instead of asserting their claimed right to substitution, Jennings and Hallbauer allowed a default to be taken and then failed to timely appeal the judgment–or timely remove the case.

By statute, two factual predicates to substitution of the United States as the defendant are required: 1) the individual defendants must be deemed federal employees; and 2) the Attorney General must certify that the individual defendants were acting in the scope of their employment. *See* 42 U.S.C. §§ 233(c), (g)(1); 28 U.S.C. § 2679(d). The record shows that the Secretary of the Department of Health and Human Services had deemed Jennings and Hallbauer to be federal employees as to the time period at issue (although that fact was not before the state district court before it rendered judgment).[8] However, the only evidence in the record as to the second predicate–scope of employment–is the Department of Justice's certification of scope of employment, dated after the state court rendered judgment (and after the date of the motion for new trial) and never, so far as the record shows, filed with the state court.

Thus, the judgment is not in any respect void on its face; it is only through the introduction of facts outside the pre-judgment record and unavailable to the state court when it entered the judgment that the United States can even make a colorable argument that exclusive federal jurisdiction was proper.[9] A removal

---

[8] This issue is especially problematic where the individual defendants were not obvious federal employees, but only deemed employees by virtue of a letter issued by a federal agency. This case is, as Oviedo points out, far from the equivalent of *Houston v. U.S. Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987), in which the plaintiff was hit by a marked United States Postal Service van.

[9] Relevant Supreme Court precedent supports this conclusion. More than a century ago, the Court in *Des Moines v. Iowa Homestead Co.*, 123 U.S. 552 (1887) upheld the *res judicata* effect of a final disposition despite the argument that the deciding court lacked

proceeding where the state court judgment is totally final is simply not the right mechanism for introducing those new facts.[10]  It is worth noting that if the jurisdictional issue had been litigated, an incorrect decision could have been reversed on appeal, but Hallbauer and Jennings, as well as the United States as potential substitute defendant, made no such effort to raise the issue until the judgment became final and no longer pending.  The reason that we do not permit removal in this case is that no case remains pending in the state court to "remove" once the case is final for purposes of direct review in the state court system.

## IV.  Conclusion

We therefore hold that the United States' removal of this case did not vest jurisdiction over the case in the United States District Court for the Southern District of Texas.  All of the federal district court's orders in this matter are VACATED.    Following  the  Ninth  Circuit's  conclusion  that,  in  these circumstances, remand to the state courts is "impossible . . . as a matter of logic," as the absence of "a removable cause of action [implies that there is similarly] no cause of action that can be remanded," *Ristuccia*, 406 F.2d at 1258, we RENDER a judgment of dismissal for want of jurisdiction in the federal district court in lieu of a remand to the Texas courts.

---

jurisdiction to render judgment. 123 U.S. at 559.  We acknowledge the imperfect analogy of improperly invoked federal versus state jurisdiction.  The logic, however, is the same.  If we reached the opposite outcome, a case could be removed–and re-opened–months, or even years, late under the pretense of a "void" judgment.

[10] Without a conclusive presumption in its favor–and the United States points to no such presumption–the United States must *demonstrate* the existence of these predicate facts in order to prove that the state court judgment was entered without jurisdiction, which is to say, the United States must—now that it has allowed its opportunities for direct review to lapse—collaterally attack the judgment.  We express no opinion on what means it might have to do so, but removal after the state court proceedings are "totally final" is not one of them.