**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00103-CV**
_____

**GREGG M. HALLBAUER AND RYAN JENNINGS, Appellants**

**V.**

**PAOLA OVIEDO, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-12-13338 CV**

## MEMORANDUM OPINION

Appellants Gregg M. Hallbauer (Hallbauer) and Ryan Jennings (Jennings) appeal from an order (1) granting appellee, Paola Oviedo's (Oviedo) motion for reconsideration in a bill of review proceeding, and (2) vacating an earlier order granting summary judgment in favor of Hallbauer and Jennings which, in turn, set aside an earlier default judgment.

1

Proceedings Prior to the Bill of Review Suit[1]

Oviedo's pleadings indicate that on or about March 1, 2007, Oviedo was admitted to Conroe Regional Medical Center (CRMC) for the birth of her child. Oviedo was a "high-risk patient," and she was treated at the hospital by Hallbauer, a family practice physician, and Jennings, a family practice resident. On April 17, 2009, Oviedo filed a medical malpractice action in Cause No. 09-04-03805-CV ("the original tort action") against Hallbauer, Jennings, CRMC, and the Sadler Clinic Association.[2]

In the original tort action, Oviedo claimed that Hallbauer and Jennings deviated from the applicable standard of care when they treated Oviedo "without appropriate consultation or co-management of [Oviedo] with either an obstetrician or maternal fetal medicine physician." Oviedo alleged that the defendants' breach of care caused Oviedo to "suffer[] numerous complications during her delivery and confinement, including prolonged uncontrolled blood pressure which resulted in sustained hypertension that led to an intracranial hemorrhage." She alleged that Jennings was acting in the course and scope of his employment with CRMC, and

[1]A brief discussion of the proceedings prior to the bill of review action is necessary to provide a complete procedural background.

[2]In the state court action, "Oviedo filed a notice of non-suit without prejudice as to the claims against Sadler, and Sadler was dismissed from the proceeding." *Oviedo v. Hallbauer*, 655 F.3d 419, 420 (5th Cir. 2011).

2

she alleged that Hallbauer was acting in the course and scope of his employment with the Sadler Clinic Association.

A default judgment was granted in the original tort action against Hallbauer and Jennings, and on September 14, 2009, the trial court entered a final judgment in favor of Oviedo. The trial court granted Oviedo's motion to sever the claims against CRMC.

On or about September 29, 2009, an assistant with the United States Attorney (USA) for the Southern District of Texas, acting on behalf of Hallbauer and Jennings, filed a motion for new trial. The motion alleged that Hallbauer and Jennings were deemed federal employees and could only be sued under the "Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b), 2671 *et seq.* 28 U.S.C. § 2679(b)(1)[,]" that Hallbauer and Jennings were immune from common law tort claims, that Oviedo failed to exhaust her administrative remedies prior to filing suit, and that Oviedo failed to obtain any service on the United States. The trial court did not rule on the motion for new trial and, by operation of law, the default judgment became final, and no appeal was filed. *See* Tex. R. Civ. P. 329b(e).

The state court lost plenary power over the default judgment, and the USA, on behalf of Hallbauer and Jennings, filed for removal of the action to the U.S. District Court for the Southern District of Texas. *See id.* Oviedo filed a motion to

3

remand, and the federal district court denied Oviedo's motion to remand the action back to state court and granted Hallbauer's and Jennings' motion to set aside the default judgment.

Oviedo filed an appeal with the Fifth Circuit Court of Appeals. Vacating the federal district's orders, the Fifth Circuit determined that the federal district court lacked jurisdiction because the state court's default judgment was final, and the deadline for seeking direct review in the state court had expired by the time the government filed its notice of removal. *Oviedo v. Hallbauer*, 655 F.3d 419, 422-26 (5th Cir. 2011). The Fifth Circuit held that the removal of the case did not vest jurisdiction of the case in the federal district court. *Id.* at 425. The Fifth Circuit vacated all of the federal district court's orders in the matter, and rendered a judgment of dismissal. *Id.* at 425-26. In a footnote, the Fifth Circuit Court noted that although removal was precluded and the time for direct appellate review in state court had expired, the government could still attack the default judgment by filing a bill of review suit in state court. *Id.* at 424 n.6.

Bill of Review Suit and Summary Judgment

Following the lead provided by the Fifth Circuit, Hallbauer and Jennings, by and through the USA, filed a petition for bill of review (BOR) on December 15, 2011, in state court. Hallbauer and Jennings asked the state court to set aside the

September 14, 2009 default judgment in the original tort action. The BOR petition stated that at the time Oviedo received her medical treatment, Hallbauer and Jennings were employed by Lone Star, a federally-supported health care provider. According to the petition, federal law deemed Hallbauer and Jennings to be employees of the federal government, and as a result, they had absolute immunity and liability protection under the Federal Tort Claims Act for damages for personal injury resulting from the performance of medical, surgical, dental, and related functions. The USA argued that the default judgment was therefore void, and the trial court lacked personal and subject matter jurisdiction in the original tort action to enter a default judgment against either Hallbauer or Jennings.

In the BOR suit, the USA, on behalf of Hallbauer and Jennings, filed a motion for summary judgment to set aside the default judgment. According to the motion, although Oviedo presented a timely administrative claim to the United States Department of Health and Human Services as required by federal law, she was statutorily barred from filing her state court suit for six months while the agency investigated and attempted to resolve the claim administratively. *See* 28 U.S.C. § 2675(a). The motion for summary judgment alleged that the default judgment should be set aside because the requirements of the bill of review were satisfied, including the requirement of a meritorious defense. The USA argued the

claim was barred because Oviedo did not wait the required six months, her original tort action was premature, and the state court was without jurisdiction to proceed. Furthermore, the USA asserted that Oviedo's action was legally barred on its face by the two-year statute of limitations governing medical malpractice actions in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2013). And, according to the BOR petition, Hallbauer and Jennings were not proper parties to the suit and the claims, if any, should have been filed against the United States in United States District Court.

Oviedo filed an answer in the BOR suit, and on February 17, 2012, she filed a response to the motion for summary judgment. On March 2, 2012, the trial court granted Hallbauer's and Jennings' motion for summary judgment and set aside the 2009 default judgment.

Second Removal of the Original Tort Action

In late March 2012, with the default judgment set aside in the BOR proceeding, the USA filed another removal of the original tort action to federal court. The USA filed a motion to substitute the United States as the proper named defendant in the case and sought to dismiss Oviedo's claims against Hallbauer and Jennings. In the motion to dismiss, the USA sought a dismissal of the entire action because Oviedo failed to exhaust her administrative remedies as required by the

6

Federal Tort Claims Act. Oviedo did not file a response in federal court to the pleadings or motions filed by the United States, but Oviedo filed a motion for reconsideration asking the federal court to set aside the state court's order on the summary judgment in the BOR suit.

On September 11, 2012, the federal district court granted the motion to substitute the United States as the proper defendant, granted the motion to dismiss Oviedo's claims, and denied Oviedo's motion to reconsider the summary judgment order from the BOR suit. In granting the motion to substitute, the court explained that section 2679 of the Federal Tort Claims Act was Oviedo's exclusive remedy, that Hallbauer and Jennings were employees acting within the scope of their employment with the government at the time of the incident out of which the claim arose, that the action should be deemed an action against the United States, and that the United States should be substituted as the party defendant. The federal court explained that the United States produced evidence that Lone Star Community Health Center was an employee of the federal government for FTCA purposes at the time of the incident giving rise to the cause of action, Hallbauer and Jennings were deemed employees of Lone Star during the relevant period, and that, therefore, Hallbauer and Jennings were employees of the federal government for FTCA purposes. The federal district court also granted the government's

7

motion to dismiss Oviedo's claims against the United States on the basis that the court lacked subject matter jurisdiction because Oviedo failed to exhaust her administrative remedies. *See* 28 U.S.C. § 2675(a).

Regarding Oviedo's motion for reconsideration of the BOR summary judgment order, the decision by the federal district court states:

> "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). "Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). "[A] defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Id.*
>
> Oviedo moves this court to set aside the state court's order on summary judgment in the bill of review case. However, that case is not before this court. The bill of review case is a separate case, with a separate case number. . . . Therefore, Ovi[e]do's arguments regarding the ruling on the bill of exception must be directed through the appellate system in the state court.
>
> Moreover, even if the case is before it, the court declines to overrule the state court decision. Defendants have a meritorious defense—the FTCA. *See Ross*, 197 S.W.3d at 797. The United States, the proper defendant in the case, was never served in the state court case. Either Oviedo did not know that defendants were federal employees, making the failure to serve the proper defendant an accident, or she did know, making it fraud or a wrongful act. Both satisfy the second prong of the inquiry. And, the United States was not at fault or negligent in failing to appear because it was never served and did not learn of the case until after the default was issued.

8

> Arguably, the court need not analyze the three prongs because "a defendant who was not served with process is entitled to a bill of review without a further showing." *Id.* Accordingly, the plaintiff's motion is DENIED.

The federal district court dismissed Oviedo's claims against Hallbauer and Jennings, substituted the United States as the proper defendant, and dismissed Oviedo's case against the United States without prejudice. Oviedo does not assert on appeal, nor does our record demonstrate, that she appealed the federal court judgment. *See* 28 U.S.C. § 2679(d)(5).

Oviedo's Motion for Reconsideration in the BOR Suit

After the federal district court issued its ruling, Oviedo filed a motion for reconsideration in the BOR suit, and requested that the state court vacate the prior summary judgment setting aside the default judgment. The USA filed a response on behalf of Hallbauer and Jennings. On November 30, 2012, the trial court granted the motion to set aside its summary judgment and vacated the summary judgment. Appellants filed a timely motion for new trial in the BOR suit and requested findings of facts and conclusions of law. The record does not show the trial court ever acted on the motion for new trial. Hallbauer and Jennings appealed.

Issues on Appeal

Hallbauer and Jennings argue that the state district court abused its discretion on November 30, 2012, when it granted Oviedo's motion for

reconsideration which set aside the previously granted summary judgment which, in turn, set aside the default judgment in the original tort action. Hallbauer and Jennings allege the motion for reconsideration was untimely because it was filed thirty days after the motion for summary judgment was granted. In their second issue, they contend the state court lacked jurisdiction, and abused its discretion on November 30, 2012, when it granted Oviedo's motion for reconsideration because the state court was divested of jurisdiction over the original tort action once the original tort action was removed the second time to the federal court.

In response, Oviedo argues this Court lacks jurisdiction over this appeal because the state court's November 30, 2012 order granting rehearing and vacating the prior summary judgment order is not a final or appealable order. Furthermore, Oviedo maintains that even if this Court determines it has jurisdiction, the trial court in this BOR suit did not abuse its discretion when it vacated its prior "interlocutory" summary judgment order.

The Effect of the March 2, 2012 Summary Judgment Order

Once the default judgment was set aside in the BOR proceeding by the March 2, 2012 order granting Hallbauer and Jennings a summary judgment, Hallbauer and Jennings were "restored" to their pre-default judgment status as to Oviedo's civil medical malpractice action. *See generally Baker v. Goldsmith,* 582

10

S.W.2d 404, 406-10 (Tex. 1979). The record indicates Hallbauer and Jennings then filed an answer and affirmative defenses in the original tort action, and filed another removal in late March 2012, thereby removing the original tort action and the medical malpractice claims to United States District Court. At the moment of the second removal of the original tort action (where the default judgment had previously been granted), the state court was divested of jurisdiction over the medical malpractice suit. *See Meyerland Co. v. Fed. Deposit Ins. Corp.*, 848 S.W.2d 82, 83 (Tex. 1993). Thereafter, exclusive jurisdiction over such claims rested in the federal district court. *See Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 83-84 (Tex. App.—San Antonio 1996, writ denied). On September 11, 2012, the federal district court issued a final judgment pertaining to all of Oviedo's claims against Hallbauer and Jennings.

Effect of the Federal District Court Judgment

In their motion for new trial and on appeal, Hallbauer and Jennings argue that Oviedo's filing in the BOR proceeding asking the BOR trial court to reconsider and set aside the March 2, 2012 order was futile in light of the federal district court's dismissal of Oviedo's claims against them in the original tort action. We agree with appellants.

Courts are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case is moot if it cannot proceed to a final judgment that will be effective as to any right which the Court might determine." *Stewart v. Bank of Woodson*, 641 S.W.2d 230, 231 (Tex. 1982). A case also becomes moot when it is impossible for a court to grant effective relief for any reason. *State v. Gibson Products Co.*, 699 S.W.2d 640, 641 (Tex. App.—Waco 1985, no writ); *James v. City of Round Rock*, 630 S.W.2d 466, 468 (Tex. App.—Austin 1982, no writ).

Although the federal district court in its judgment dated September 11, 2012, noted that the BOR suit is an independent action, the federal district court also effectively dismissed Hallbauer and Jennings from the original tort action. At the time Oviedo filed her motion to reconsider in the BOR suit, there was no longer any right which the state trial court could determine with respect to her claims against Hallbauer and Jennings. The federal district court had already substituted the United States as the proper party, and, in effect, dismissed Hallbauer and Jennings from the suit. Additionally, according to the federal district court's judgment, Oviedo's claims against the United States were barred under the FTCA because Oviedo failed to exhaust administrative remedies. Regardless of the fact that a BOR suit may have still been on file in the state court, the federal district

12

court had fully disposed of all of Oviedo's underlying claims against Hallbauer and Jennings. *See, e.g., Petrello v. Prucka*, 415 S.W.3d 420, 423, 427-30 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (litigation of state court claims barred by prior judgment disposing of the same claims in federal court). The BOR suit was moot as a result of the federal district court's judgment, and there was no longer any actual controversy left to be decided against Hallbauer and Jennings. *See Tex. Alcoholic Beverage Comm'n v. Carlin*, 468 S.W.2d 521, 522 (Tex. Civ. App.—Beaumont 1971), *aff'd*, 477 S.W.2d 271 (Tex. 1972) ("Courts do not decide cases when no actual controversy between the parties exists at the time of the hearing."). The order granting Oviedo's motion to set aside the summary judgment was wholly ineffectual and void because the state trial court could not avoid the effect of the federal district court's decision that dismissed Hallbauer and Jennings from the original tort action and substituted the United States as the proper party.

The federal district court's judgment dismissing Oviedo's claims against Hallbauer and Jennings precludes the re-litigation of the issues in state court. There was nothing left for the trial court in the BOR suit to reconsider relating to the default judgment in the original tort action. We vacate the November 30, 2012 order and dismiss the case as moot. *See* Tex. R. App. P. 43.2(e); *see also Speer v.*

*Presbyterian Children's Home and Serv. Agency*, 847 S.W.2d 227, 229-30 (Tex. 1993); *Stewart*, 641 S.W.2d at 231; *Carlin*, 468 S.W.2d at 522.

JUDGMENT VACATED; CASE DISMISSED.


_____
LEANNE JOHNSON
Justice


Submitted on December 13, 2013
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.